GORDON *v.* STATE.

[90 South. 75. No. 22095.]

1. CRIMINAL LAW. *Indictment and information. Passing of indictment to files is not an acquittal, and indictment may be reinstated.*

Passing an indictment to the files is in no sense an acquittal of the charge, and is not a bar to further prosecution of the indictment, and, with the consent of the court, an indictment which has been passed to the files may be withdrawn and reinstated for trial at any future term of the court.

2. CRIMINAL LAW. *Conviction for unlawful possession does not bar prosecution for manufacturing.*

A conviction for unlawfully possessing intoxicating liquors does not bar a second prosecution of the defendant for feloniously making or distilling the same liquor.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Charley Gordon was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

*Davis & Hill,* for appellant.
*H. C. Holden,* attorney-general for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted of manufacturing intoxicating liquor, and sentenced to the penitentiary for a period of three years, and from this conviction and sentence prosecutes this appeal.

At the November, 1920, term of the circuit court of Forrest county there were two charges pending against appellant, one for unlawfully and feloniously making intoxicating liquor, which had been preferred by indictment returned by the grand jury at that term, and one for unlawfully having intoxicating liquor in his possession, which last charge had been preferred by affidavit before a justice

of the peace, and which was in the circuit court by appeal from a conviction in the justice court.   When these cases were called in the circuit court, the defendant entered a plea of guilty to the misdemeanor.   The felony charge was thereupon passed to the files by the district attorney, and the defendant, having paid the fine and costs imposed in the case in which he had entered a plea of guilty, was discharged.

At the April, 1921, term of the court, the district attorney filed a motion to withdraw from the files the indictment for making intoxicating liquors and to redocket the same for trial.   This motion was sustained, and defendant was put to trial on this indictment and convicted.   Before the jury was impaneled, the defendant interposed two pleas of former jeopardy, one setting up that he had entered a plea of guilty to the charge of unlawfully having whisky in his possession under an agreement with the district attorney that the indictment upon which he was then arraigned would be passed to the files; that said indictment had been previously passed to the files, and that this constituted an acquittal of the charge; the other plea setting up *autrefois convict,* in that both charges grew out of the same transaction and were predicated upon the same facts. Demurrers were interposed and sustained to each of these pleas.

The argument in support of the first plea proceeds upon a total misconception of the effect of passing an indictment to the files.   The district attorney may be willing to pass an indictment to the files pending good behavior, or for other cause, when he would be unwilling to recommend a *nolle prosequi,* and it often happens that a defendant is willing to accept this arrangement as the best settlement available.   It may be that the passage of an indictment to the files is usually the end of the matter, but it is in no sense an acquittal of the charge.   It simply postpones the evil day if the district attorney shall, in the future, elect to withdraw it and proceed with the trial.

Appellant complains that the district attorney has violated his agreement, and that for this reason a further prosecution of this indictment should not be permitted. We do no so understand the averments of the plea. The district attorney did not agree that the indictment would not be withdrawn in the future (if, indeed, he has any authority to make such an agreement), but the plea shows that he fully complied with the agreement. We think the demurrer to this plea was properly sustained.

The plea of *autrefois convict* avers, among other things, that officers raided the home of defendant and found therein a still and intoxicating liquors which had just been manufactured by the defendant, and that the liquors which defendant was charged with having in his possession were the identical liquors which he was charged with making; that the offense of unlawfully having intoxicating liquors in his possession is a necessary element or ingredient of the offense of feloniously making the same liquors; that if mistaken in the averment that the misdemeanor was a constituent part of the felony, then, since the two charges grow out of the same transaction, the evidence necessary to support the indictment for the felony was necessary to support, or would have been admissible to prove, the charge of unlawfully having the same liquors in his possession, to which charge he had previously entered a plea of guilty, and that for these reasons he cannot be prosecuted under the indictment for making the liquors.

The charge against this defendant of unlawfully having the liquor in his possession originated in the justice court, and upon appeal the circuit court had no other jurisdiction than such as the justice court had, and for this reason we think section 1412, Code of 1906 (section 1167, Hemingway's Code), is a sufficient answer to appellant's contention. This section provides:

"The acquittal or conviction of a person by a justice of the peace, on a charge of being guilty of a misdemeanor, shall not be a bar to a prosecution for a felony in the same matter; but thereafter, on indictment for the felony, if

the accused be acquitted thereof, he shall not be convicted of the constituent misdemeanor.; and, if convicted of the felony, the court may moderate the sentence so as not to punish for the constituent misdemeanor."

However, since the prosecution for this misdemeanor might have originated in the circuit court upon an indictment by the grand jury, we do not rest our decision solely upon this statute. We recognize the rule that where an indictment contains a minor offense inclosed in a major, a conviction or acquittal of the minor bars the major, but we think the offenses here involved are separate and distinct. Under the indictment for either of these offenses the defendant could not have been convicted of the other, and therefore, since there could have been no conviction of the major offense under the first indictment, a conviction under the first indictment does not bar a second prosecution for the major offense. This rule is announced in Wharton's Criminal Procedure, vol. 2, section 1396, where it is said:

"Where, under the first indictment there could have been no conviction of the major offense, then a conviction or acquittal of the minor on the first indictment does not bar a second indictment for the major offense."

Again, in the same volume, section 1407, Mr. Wharton says:

"But so far as the strict rule of law is concerned, the proceedings on the first trial cannot bar a prosecution for an offense on which there could be no conviction on the first trial."

We conclude, therefore, that the demurrer to this second plea was properly sustained, and the cause is affirmed.

*Affirmed.*