SHERWIN WILLIAMS CO. *v.* FELD BROS. & CO.*

Division B. April 20, 1925. Suggestion of Error Overruled May 11, 1925.)

[103 So. 795. No. 24871.]

1. SALES. *Allegation of compliance with provision of order relating to sending representative to work territory held necessary in action on order.*

   Where an order contains a provision reciting, "This order is taken with the understanding that (seller) is to send representative to work the territory with (buyer), and is to secure orders for fifty per cent. of this contract," it is necessary, in a suit on the order of plaintiff, to allege a compliance with this provision.

2. PLEADING. *Court may nonsuit plaintiff for failure to comply with order to make declaration more specific.*

   Where an amended declaration on such contract recites that seller sent its representative in obedience to the provisions of the contract to canvass the territory with a representative of the buyer,

and while only one of said machines was sold by said representative of the seller, that some of the machines subsequently sold by the buyer approximating fifty per cent of the order, were superinduced by said canvass, and a motion is made to have the pleading made more specific, or for a bill of particulars of the persons, times, and places and an explanation of the word "superinduced" as used in the pleadings, and the court sustains the motion, and plaintiff refuses to comply with said order, the court may nonsuit.

*Headnotes 1.   Sales, 35 Cyc., p. 551; 2.   Pleading, 31 Cyc., pp. 581 (1926 Anno), 651.

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Action by the Sherwin Williams Company against Feld Bros. & Co. From judgment for defendants, plaintiff appeals. Affirmed.

*Brunini & Hirsch,* for appellant.

The point involved in this case is solvable by ordinary common sense, without the aid of any of the authorities whatsoever. The Springfield Dry Powder Sprayer Company on February 21, 1919, sold to Feld Brothers & Company, to be delivered January 1, 1920, and to be paid for on July 1, 1920, two hundred and fifty sprayers at ten dollars and sixty-two and one-half cents apiece, aggregating two thousand six hundred fifty-six dollars and twenty-five cents. Endorsed on the order is the following: "This order is taken with the understanding that Springfield Sprayer Company are to send representative to work territory with Feld Brothers & Company and he is to secure orders for fifty per cent of this contract. Should Feld Company increase order to five hundred they are entitled to twenty per cent on this order and all future orders."

The position of the appellee is that as we failed to plead and show that we had sold one hundred and twenty-five of the sprayers we could not recover a single

cent. In other words that our securing orders for fifty per cent of the contract was a condition precedent to our recovering at all.

We set up in our second and last amended declaration, that the Sprayer Company had its representative, Mr. Richard Benson, in obedience to its obligation under said contract, to work and canvass the territory of the defendants along with a representative of Feld Brothers & Company, covering a period of about thirty days during the months of January and February, 1920, and that while only one of said sprayers was sold by the representative of the Sprayer Company some of the machines subsequently sold was due to the canvass of the representative of the Sprayer Company. There is no question of the fact that we failed to sell more than one of the Sprayers during the latter part of January and February, at a time no doubt, when the farmers were undertaking to keep warm rather than to kill boll weevil.

Let us analyze the position of the appellees. Suppose we had sold a hundred of the sprayers, or one hundred and twenty-five, or one hundred and forty, or one hundred and forty-five, and then found it absolutely impossible to sell the remainder, is it common sense, or is it common justice because we sold one hundred and forty-five of the sprayers and fell down on our part of the obligation to sell the remaining five, that Feld Brothers could legally decline to pay for the one hundred and forty-five which we sold and the remaining one hundred and twenty-five which it sold. To ask the question, is to answer it. To permit Feld Brothers to succeed in taking our property without paying us one cent therefor is simply monstrous. It borders on the ridiculous and absurd.

Will the court constantly bear in mind that we did not undertake to secure orders for the entire two hundred and fifty sprayers, but only a part of them. "Where a covenant goes only to part of the consideration on both sides and a breach may be compensated for

in damages, it is to be regarded as an independent covenant. Where mutual covenants go to the entire consideration on both sides they are mutual considerations and dependent.'' 13 C. J. 571.

In our opinion it would be idle to cite further authorities to sustain our position that the honorable lower court was in error in sustaining the contentions of the appellees, and we therefore, respectfully submit that this case should be reversed.

*A. A. Armistead,* for appellees.

The action of the court below in sustaining the demurrer to the original declaration for failing to show title to the cause of action in Sherwin-Williams Co., this appellant, is governed by sections 734 and 735, Code of 1906, which are so familiar to the court that it is needless to discuss them.

The action of the court in sustaining the motion to make more definite and certain the pleadings of the second amended declaration because of the allegations therein being so indefinite or uncertain that the precise nature of the complaint was not apparent or that the pleadings were so framed as to so prejudice, embarrass or delay the defendants in the court was based on section 762 of the Code of 1906, which authorizes the court to require such declaration to be made definite and certain or ''may strike the same from the files.'' This motion was particularly proper under the holdings of *Jones* v. *Millsaps,* 71 Miss. 10, and *Fraternal Mystic Circle* v. *Turner,* 105 Miss. 468, 62 So. 497.

The question then arises: Could the Sherwin-Williams Company, assignees of the Springfield Sprayer Company, sue on this contract without performing its part of the obligation to sell the fifty per cent of the order.

Mississippi has settled this question as far back as 1846. *Fultz* v. *House* case, is reported in 6 Smedes and Marshall, 404; *Burrowes Company* v. *Crittendon,* 37 So.

504; *Piaggio* v. *Somerville,* 80 So. 342, 119 Miss. 6; 9 Cyc. 643.

Therefore, we offer this law in response to the "Common Sense" argument that counsel has offered the court to prevent a man from taking advantage of his own wrong. His client laid down on his contract and refused to perform it. A contract, too, if the court please, which was to be performed with a representative of Feld Brothers in their territory "at the same time" and the law is that neither can sue who has not performed the contract on his part. See also, 9 Cyc. 699-721.

After all, this is a contract between the parties, and this court has repeatedly held, as in the case cited in reference to the charter party, that however burdensome the contract may be after having been executed, the court will not relieve them from the performance of the contract. Why? Because the court will not make a contract for the parties. The court sits to interpret and inforce the contract made by the parties themselves, and to hold every party strictly to the performance of his part of the contract.

That is all that is sought to be done in this case, and we respectfully submit that the case should be affirmed.

*Brunini & Hirsch,* in reply for appellant.

The approved test for the determination of this question is found in the rule which Lord Mansfield stated in *Boone* v. *Eyre,* 1 H. Bl. 273 note, 126 Reprint 160 note, 18 Erc. 609 note, in these words: "Where mutual covenants go to the whole of the consideration on both sides they are mutual conditions, the one precedent to the other. But where they only go to a part, where a breach may be paid for in damages, there the defendant has a remedy on his covenant, and shall not plead it as a condition precedent." *Union Pac. R. Co.* v. *Travelers Ins. Co.,* 83 Fed. 676, 678. See, also, *Mill Dam Fdy.* v. *Hovey,* 21 Pick. (Mass.) 417; *Union Pac. R. Co.* v. *Trav-*

*elers' Ins. Co.,* 83 Fed. 676, 28 C. C. A. 1; *Pacific Mill Co.*
v. *Inman,* 46 Or. 352, 359, 80 Pac. 424; *Big Run Coal Co.*
v. *Employers' Indemn. Co.,* 163 Ky. 596, 199, 174 S. W.
25; 13 C. J. 568.

Appellee cites the case of *Fultz* v. *House,* 68 Miss.
404. The mere reading of this case would show its inap-
plicability to the case at bar. In that case there were no
independent covenants. The covenant went to the en-
tire consideration. Same is true of the case of *Burrowes*
v. *Crittendon,* 37 So. 504. Neither is the case of *Piaggio*
v. *Somerville,* 119 Miss. 6, in point. If we had obligated
ourselves to secure orders for all of the sprayers, this
case would not now be pending in this court.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff below and filed a suit
against the appellees on an order for two hundred and
fifty Springfield sprayers given to the Springfield Dry
Powder Sprayer Company and assigned by it to the ap-
pellant. The order contains, among other things, the fol-
lowing:

"Please accept our order for Springfield sprayers as
follows: two hundred and fifty Springfield sprayers at
ten dollars sixty-two and one-half cents, total two thous-
and six hundred fifty-six dollars and twenty-five cents.
This order is taken with the understanding that Spring-
field Sprayer Company are to send representative to
work territory with Feld Bros. & Co., and he is to secure
orders for fifty per cent. of this contract. Should Feld
Company increase order to five hundred they are en-
titled to twenty per cent. on this order and all future
orders."

The original declaration did not contain an allegation
that the representative so stipulated for was sent and
secured the orders as therein provided. Said contract
was made an exhibit to the declaration and a demurrer
was filed and sustained by the court. An amended decla-

ration was also filed and demurrer sustained to that. Thereupon the second amended declaration was filed and averred, among other things:

Plaintiffs further aver that the said Springfield Dry Powder Sprayer Company had its representative, Mr. Richard Benson, in obedience to its said contract, work or canvass the territory of the defendants along with a representative of· the latter, covering a period of about thirty days during the months of January and February, 1920, and that while only one of said machines was sold by said representative of the said sprayer company, some of those subsequently sold by defendants afterwards, to-wit, about one hundred and twenty-five, that is the sales  of one hundred and twenty-five of said machines, were superinduced by said canvass of the said representative of the said sprayer company, and that no more of said machines were sold by the said sprayer company, or its representative.''

The defendants thereupon filed a motion to make the said declaration more definite and certain because said declaration was so indefinite and uncertain that the precise nature of the complaint set forth is not apparent, so that the defendants can properly plead thereto, wherefore they moved the court to require plaintiff to set forth in plain and definite terms how said alleged sale of about one hundred and twenty-five of the machines sued for was superinduced; also, what is meant by the plaintiff by the word ''superinduced'' as used in the said declaration, and to give the times, places, and names of the persons to whom the said alleged sales were made; the persons present, and the circumstances and facts upon which the plaintiff relies, in alleging that said sale was ''superinduced'' by their said representative; and further that the word ''superinduced'' is a mere conclusion of the pleader and does not advise the defendants or tend to establish such conclusion. This motion was sustained by the court, and the plaintiff declined to furnish said bill of particulars or to make the pleadings more specific.

Whereupon judgment was entered striking the declaration from the files and entering judgment for the defendants, from which judgment this appeal is prosecuted.

We think the motion was properly sustained requiring the plaintiff to make their pleadings more definite so as to set forth the facts relied upon. It is contended by the appellant that this part of the contract set forth was not a condition precedent, and that at all events the plaintiff was entitled to recover to the extent of fifty per cent. of the order or value of the sprayers.

The agreement referred to is an important provision in the contract, and whether the plaintiff had complied with it was material to the suit, and all facts with reference thereto should be alleged with reasonable certainty.

As we view the judgment rendered, it was in effect a nonsuit and would not prejudice plaintiff's right to file a suit for fifty per cent. of the amount of it if advised that that would be the extent of its right, or to file a new suit giving specific information as to what had been done in securing the orders, giving the times, places, and persons relied on to constitute a compliance with the said provisions. However, as plaintiff declined to either elect to sue for one-half or to give the specifications called for, the court did not err in awarding a nonsuit. The judgment will therefore be affirmed.

*Affirmed.*