## Ross *et al. v.* Milner *et al.*

(Division A. April 5, 1943.)

[12 So. (2d) 917. No. 35303.]

498.

Lotterhos, Travis & Dunn and George E. Shaw, all of Jackson, Campbell & Campbell, of Yazoo City, L. G. North of Belzoni, and Cameron & Wills, of Meridian, for appellants.

500

**J. G. Holmes,** of Yazoo City, for appellees.

502

**McGehee, J.,** delivered the opinion of the court.

The error assigned on this appeal is the action of the court below in sustaining a demurrer and dismissing the bill of complaint of the appellants by which they seek to have reviewed a former degree of the court rendered on December 11, 1939, whereby the suit as originally brought was both redocketed and dismissed on that day as a "stale case" under Section 667, Code of 1930, with prejudice, on the ground that no step had been taken therein for the two terms preceding, and where such suit had long prior thereto been remanded to the files by the chancellor "until the further orders of the Court."

The object sought to be attained by the original suit was the cancellation of a certain deed of conveyance, as a cloud upon the title of the complainants to certain land therein described, which conveyance had been executed in favor of J. W. Milner by L. G. Ross, who had died prior to the filing of such suit and through whom the complainants therein claimed title to the land by inheritance. The validity of the deed from L. G. Ross to said J. W. Milner was challenged on the ground of the alleged mental incapacity of the grantor and inadequacy of the consideration paid to him therefor. And when the cause came on for hearing it appeared from the allegations of the bill of complaint that the grantor in this deed had left a last will and testament wherein he had devised and bequeathed all of his property to certain of his children and heirs to the exclusion of the others—complainants in that suit; that these complainants had also filed a contest of the will of L. G. Ross on the ground of his alleged want of testamentary capacity. Because of the pendency of

the will contest the court sustained a demurrer to the bill of complaint, evidently for the reason that it appeared from the allegations thereof that this suit for cancellation of the deed for want of testamentary capacity was prematurely brought inasmuch as the mental capacity of the grantor therein was being contested in another suit by the complainants under an issue of devisavit vel non, and wherefore the court in sustaining the special demurrer declined to dismiss the suit which sought to cancel the deed, but ordered that "said bill is not dismissed, but shall be and is hereby remanded to the files until further orders of this court." Finally during the year 1937 the will contest was heard with the result that the will was held invalid on the ground of the mental incapacity of the said L. G. Ross, who subsequent to publishing and declaring the same had executed the deed in favor of the said J. W. Milner. Thereafter the suit of the complainants to cancel this deed remained in abeyance without being withdrawn from the files until December 11, 1939, when J. J. Milner, who was not a party to the suit but who claims a life estate in the land in controversy under the will of J. W. Milner who had died in the meantime, appeared in court and filed a motion to have the suit reinstated on the active docket and finally dismissed on the ground that the cause, as passed to the files and undisposed of, constituted a cloud upon his life estate in the land involved. Thereupon the court forthwith entered an order upon the motion of the said J. J. Milner, reciting his claim of a life estate in said property and directed the clerk to reinstate the case upon the issue docket of the court, but not dismissing the case by the terms of said order. On that same day the clerk of the court, purporting to act under and pursuant to the said Section 667, Code of 1930, supra, filed his motion to dismiss the cause as a "stale case." The court then entered a further order reciting that there came on to be heard both the motion of the clerk and of J. J. Milner, and directing that the "cause be, and the same is hereby dismissed at the cost

of the complainants therein." That is to say, the case was dismissed with prejudice, the order not reciting that it was dismissed without prejudice.

The question presented for decision now is whether or not Section 667, Code of 1930, supra, has any application to a case which has been remanded to the files pending the further order of the court, until after the same is later withdrawn from the files and is placed back on the active docket as a pending case such as may be proceeded with at the instance of a party interested and there had been a failure on the part of the plaintiff or complainant for two terms of the court thereafter to take any step in the cause looking toward the further prosecution thereof. That section provides as follows: "The clerk of any court shall move the court to dismiss any cause pending therein in which no step has been taken for the two terms preceding; and the court shall, unless good cause be shown to the contrary, dismiss the same at the costs of the plaintiff or complainant."

It will be noted that the statute does not provide for notice to be given of the clerk's motion to dismiss. The failure to require such notice is evidently because of the fact that the interested parties are presumed to be before the court in cases pending on the active docket and are cognizant of what action is being taken or is proposed to be taken in their cases, and are, therefore, afforded opportunity to show "good cause" to the contrary; but we are of the opinion that it was never contemplated by the statute that the parties to a suit which has been passed to the files until the further order of the court should be required to remain in attendance from day to day and term to term pending such further order in order to show cause why the case should not be finally disposed of in the proposed manner, if and when it is withdrawn from the files, whether the proceedings be civil or criminal.

Until the above mentioned order which withdrew the case from the files and reinstated it on the active docket had been entered, no step was available to be taken by

the complainant toward the further prosecution thereof. Moreover, if it be assumed that J. J. Milner who was not a party to the suit was authorized as a party having an interest in the subject matter thereof to procure the reinstatement of the case on the active docket, then it is argued that his action was intended to constitute a very vital step taken in the case immediately prior to the entry of the order dismissing the same as a stale case. If, on the other hand, he was a mere interloper and without a standing in court such as would entitle him to cause the case to be reinstated on the docket for trial or other final disposition, then his motion to docket and dismiss the case was of no avail and the court was limited to a consideration of the motion of the clerk to dismiss the same at a time when the complainants were not advised of its reinstatement on the issue docket. In either event, we are of the opinion that the statute invoked by the clerk as aforesaid has no application under the facts and circumstances hereinbefore mentioned.

It is true that in the case of Du Bois v. Thomas, 173 Miss. 697, 161 So. 868, wherein the cause was reversed on appeal here and remanded, the costs adjudged against the appellee, and upon his failure to pay the costs the appellant filed a motion in this court for an order directing the clerk to file a motion for dismissal under Section 667, Code of 1930, supra, the court held that the statute applies to cases not yet decided. However, in holding that the statute applies only to cases not yet decided the court did not say that it applies to all cases not yet decided. While not strictly analogous, it was held in the criminal case of Gordon v. State, 127 Miss. 396, 90 So. 95, 18 A. L. R. 1150, that an order remanding the case to the files brought an end to the prosecution, but with leave to have the case "withdrawn (from the files) and reinstated for trial at any future term of the court." And in the case of Hall v. Commonwealth, 30 S. W. 877, 17 Ky. Law Rep. 231, annotated in 18 A. L. R. page 1155 in connection with the Gordon case, supra, the liability of the sureties for the

amount of bail required on the recognizance for the appearance of the defendant was the question for decision, and the court said in view of the fact that the indictment had been remanded to the files that "If it be true that the indictment in question was filed away as claimed by appellant, then there was no prosecution pending in court at the June term; hence no order forfeiting the bond could be legally made, nor could any judgment be legally rendered upon said bond, and such judgment would be clearly erroneous, if not absolutely void. . . ."

It may be conceded for the purpose of this decision that it was the duty of the complainants to take some step to have the case at bar withdrawn from the files and placed back on the issue docket for trial without unreasonable delay after the will contest had been disposed of, and that upon their failure to do so any party adversely affected thereby would be afforded the remedy of calling the case again to the attention of the court with the view of having it withdrawn from the files and proceeded with to final disposition, nevertheless, we are of the opinion that in such event the case could not then be finally disposed of to the prejudice of the complainants without their being given an opportunity within the meaning of the statute to show good cause why it should not be disposed of in a particular manner, even though the statute does not require that notice be given to the plaintiff or complainant of the clerk's motion under the statute in cases pending on the active docket in which no step has been taken for the two terms preceding.

From the foregoing views it follows that the action of the court below in sustaining the demurrer to the bill of review, which disclosed error apparent on the face of the record was erroneous, and that the cause must be reversed and remanded.

Reversed and remanded.