## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CA-00610-SCT

*STEVE R. TAYLOR, INDIVIDUALLY AND AS*
*GUARDIAN OF THE MINOR, RANDELL G. TAYLOR*

*v.*

*GENERAL MOTORS CORPORATION AND*
*ALLSTATE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/97 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SAMUEL P. WESTMORELAND |
| | HAROLD W. MELVIN |
| ATTORNEYS FOR APPELLEES: | GENE D. BERRY |
| | ROBERT W. ATKINSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 7/30/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/21/98 |

**BEFORE SULLIVAN, P.J., ROBERTS AND WALLER, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On July 22, 1993, Steve R. Taylor and his son (hereinafter "Taylor") were involved in a car wreck in Pearl River County, Mississippi. As a result of this accident, Taylor hired an attorney, Harry Boyer (hereinafter "Boyer"), to represent them both. On July 19, 1996, Taylor filed suit against General Motors Corporation, Donald E. Taylor and Allstate Insurance Company which was just three days short of the statute of limitations. Boyer is a Louisiana attorney and is not licensed to practice law in Mississippi. On the same day as the complaint was filed, Boyer filed a motion requesting that he be admitted *pro hac vice* in the instant matter. However, this motion did not comply with the requirements set forth in M.R.A.P. 46. No further effort was made to properly be admitted prior to January 24, 1997, on which date a hearing was held regarding the motion of Defendant, Donald Taylor, for dismissal as to him for lack of proper service. At this hearing Donald Taylor's attorney raised the issue of Boyer's failure to gain proper admission to practice for the instant case.

¶2. On January 29, 1997, Rodney E. Loomer, Sherry A. Rozell and Wallace S. Squibb, all Missouri attorneys, submitted information affidavits in support of a motion requesting that they be admitted *pro hac vice* in this matter. On January 31, 1997, the trial court entered an Order of Admission *Pro Hac Vice* for Mr. Loomer, Ms. Rozell and Mr. Squibb.

¶3. At a hearing on February 24, 1997, Defendant Donald Taylor raised by motion that Mr. Boyer had submitted an improper informational affidavit in support of his motion to appear *pro hac vice*. Boyer was granted additional time within which to properly complete the needed affidavit, and to associate local counsel, which is also demanded by the Rules of Appellate Procedure. At that hearing, the trial court set March 28, 1997 as a deadline for Boyer's submission of a proper affidavit.

¶4. On March 28, 1997, Boyer's informational affidavit was submitted. However, the affidavit was improperly completed, thus voiding its efficacy. Due to Boyer's rejected affidavit, the trial court denied him admission to practice before the court in the instant matter and entered an order dismissing the complaint and cause of action. It is from this dismissal that Taylor appeals to this Court asserting the following issue:

> **I. WHETHER THE TRIAL COURT'S DISMISSAL OF TAYLOR'S CAUSE OF ACTION, AS A PENALTY FOR HIS OUT-OF-STATE ATTORNEY'S FAILURE TO SUBMIT A PROPER AFFIDAVIT IN SUPPORT OF HIS MOTION TO APPEAR *PRO HAC VICE*, IS AN INAPPROPRIATELY EXTREME AND HARSH SANCTION WHEN TAYLOR IS REPRESENTED BY TWO DULY LICENCED MISSISSIPPI ATTORNEYS WHO HAVE PROPERLY ENTERED AN APPEARANCE IN THE CASE?**

¶5. The trial court's dismissal in this action is best categorized as an involuntary dismissal pursuant to [Mississippi Rule of Civil Procedure 41(b)](#) which states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

The comment to Miss. R. Civ. P. 41(b) states that the court may dismiss an action involuntarily for three different causes: dismissal at the close of the plaintiff's evidence for failure to show a right to relief, dismissal for want of prosecution, and dismissal for failure to comply with the rules of the court or any order of the court. See also *Sherwin Williams Co. v. Feld Bros. & Co.*, 139 Miss. 21, 28, 103 So. 795, 796 (1925). Unless otherwise specifically ordered by the court, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication upon the merits and is with prejudice. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § § 2369-2373 (2d ed. 1995). However, past Mississippi practice has tempered this harsh result by allowing dismissed cases to be reinstituted, except in extreme situations. *See*, e.g., *Ross v. Milner*, 194 Miss. 497, 505-06, 12 So.2d 917, 918 (1943) (where order did not recite that cause was dismissed without prejudice, it was considered as being dismissed with prejudice). When reviewing a trial court's decision to dismiss under the involuntary dismissal rule 41(b), this Court may reverse only if it finds that the trial court is manifestly wrong. *Walters v. Patterson*, 531 So.2d 581, 583 (Miss. 1988).

¶6. Taylor argues that when imposing sanctions and penalties for failure to comply with rules and orders of the court, a dismissal should be granted only when lesser sanctions would not serve the

interest of justice. He supports this contention with the case of ***Wallace v. Jones***, 572 So.2d 371 (Miss. 1990). In ***Wallace***, the plaintiff's claim was dismissed because Wallace defied the trial court and wrongfully and without privilege invoked the Fifth Amendment. The court warned Wallace that should she continue to refuse to answer the questions asked of her in cross-examination that her claim would be dismissed. Wallace refused to answer, therefore, the court dismissed her claim. On appeal, this Court reversed the dismissal, holding that such dismissals ". . . should be used sparingly and only when less drastic alternatives have been explored." ***Wallace***, 572 So.2d at 377 (*citing* ***McGowan v. Faulkner Concrete Pipe***, 659 F.2d 554, 557 (5th Cir. 1981)). The ***Wallace*** Court further noted:

> The trial court obviously had reason to be upset with Wallace's actions, but from the record there is no evidence that he considered less severe sanctions, which he may have been justified in imposing. Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'

***Wallace***, 572 So.2d at 377 (citations omitted).

¶7. Taylor argues that in the case sub judice, unlike Wallace, he did not contribute in anyway to the omission giving rise to the trial court's dismissal. Consequently, Taylor asserts that because the Court held that Wallace's own direct actions, which were in blatant disregard of the trial court's direction, were not sufficient to warrant dismissal of her claim, the dismissal of Taylor's cause of action in the instant matter is clearly an abuse of discretion. He further asserts that he cannot be said to be primarily at fault, and as such, a less harsh sanction should have been imposed on him.

¶8. In its order, the trial court refused to grant Boyer permission to appear *pro hac vice* in the instant case. Taylor contends that the denial of Boyer's motion is a sufficient penalty. He asserts that not only does the denial of his *pro hac vice* motion serve as a censure of Boyer for his omission but it also in effect imposes an economic sanction upon him by severely limiting any role he may have in the representation of Taylor and, thus, severely limiting, if not eliminating , his entitlement to a portion of any fees.

¶9. However, the trial court dismissal of Taylor's case was the result of his attorney's failure to properly comply with M.R.A.P. 46(b). Rule 46 governs the admission of foreign attorneys to appear *pro hac vice* to practice in the courts of the State of Mississippi. Specifically, attorneys not admitted to practice in Mississippi who wish to prosecute or defend a particular case may be admitted for that specific purpose upon completion of certain requirements. This section states as follows:

> A foreign attorney desiring to appear *pro hac vice* before any court or administrative agency of this state shall file with subject court or administrative agency a sworn affidavit. Such affidavit shall be filed not later than the first occasion on which the foreign attorney files any pleading or other paper in the case or appears personally before the court or administrative agency.

M.R.A.P. 46(b)(4).

¶10. Taylor's attorney, Boyer, simply failed to comply with the Rule. Boyer filed the Complaint on behalf of Taylor in the case sub judice on July 19, 1996, just three (3) days short of the running of the

statute of limitations. Along with the Complaint, Boyer filed a Motion for Admission *Pro Hac Vice*. However, Boyer did not include with his Motion for Admission *Pro Hac Vice* an informational affidavit as set forth in the above quoted language from M.R.A.P. 46. Furthermore, he failed to associate local counsel. This point is confirmed by the Entry of Appearance filed by the Mississippi counsel almost a full year later.

¶11. The result of Boyer's failure to properly comply with M.R.A.P. 46 was for the trial court to strike Taylor's complaint as stated in M.R.A.P. 46(b)(8)(i) and pursuant to Rule 41(b) to dismiss the case. M.R.A.P. 46(b)(8)(i) states as follows:

> By Clerks and Filing Officers. No court clerk or a filing officer of any administrative agency of this state shall accept or file any pleadings or other papers from a foreign attorney who has not complied with the requirements of this rule. Any pleadings or other papers filed in violation of this rule shall be stricken from the record upon the motion of any party or by the court or administrative agency *sua sponte*.

¶12. This Court addressed this very same issue in the case of *Terrell v. Tschirn*, 656 So.2d 1150 (Miss. 1995). In *Terrell*, Darryl J. Tschirn, Sr., the father of one of the parties in that case, proceeded in the trial court and on appeal as his son's attorney. *Terrell v. Tschirn*, 656 So.2d at 1152. However, Mr. Tschirn, a Louisiana attorney, did not follow the appropriate procedures to appear *pro hac vice*, in that he never filed an informational affidavit as required by Rule 46(b)(4). *Terrell*, 656 So.2d at 1152. This is the exact same ground alleged in the case sub judice. The Court stated that "[b]ecause of Tschirn, Sr.'s violation of Rule 46, upon proper motion by Terrell the pleadings in this case would have been stricken from the record. See, Rule 46(b)(8)(A). However, Terrell made no such motion until after an adverse verdict was returned against him." *Id.* It has already been stated that the motion in the case sub judice was made prior to trial. In fact, the trial court even warned Boyer on at least two occasions to comply with the rule. Yet, for some reason, Boyer failed to comply. The result, pursuant to Rule 46(b)(8), was for the trial court to strike the complaint from the record and to dismiss the case for failure to follow court rules. The trial court was completely acting within its authority when it struck all pleadings and dismissed the case. There is no evidence of manifest error in the trial court's decision and as such, this Court will not reverse the lower court's decision. Therefore, this issue is without merit.

## <u>CONCLUSION</u>

¶13. It is firmly rooted that the admission of a foreign attorney to practice *pro hac vice* in this state is governed by certain requirements contained in M.R.A.P. 46. One of those requirements is that the foreign attorney must submit and file an informational affidavit setting forth certain requirements contained in M.R.A.P. 46(b) (4)(i-xi). As has been stated previously, Taylor's attorney, Boyer, did not comply with the dictates of Rule 46.

¶14. The trial judge, in his Order Denying Plaintiff/Appellant's Motion for Admission to Practice *Pro Hac Vice*, notes that Boyer did not file an informational affidavit as required by M.R.A.P. 46. As a result, the trial court had no choice but to strike Taylor's complaint and dismiss the case pursuant to Rule 41(b) for failure to comply with court rules. Therefore, the lower court's decision to dismiss this case is affirmed. However, the dismissal is without prejudice as to the claim of Taylor's minor son, against whom the statute of limitations, pursuant to Miss. Code Ann. § 15-1-59 (1995), does not

begin to run until the son attains his twenty first birthday. The minor's claim remains viable for this time period should a determination be made to pursue the same.

¶15. **JUDGMENT IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**