KITCHENS, Justice,
dissenting:
¶ 46. When it is clear that an error in the trial court adversely impacted a fundamental right of a criminal defendant, this Court is obligated to grant that defendant relief on the basis of plain-error review.[2] Sanders v. State, 678 So.2d 668, 671 (Miss.1996). “It has been established that where fundamental rights are violated, procedural rules give way to prevent a miscarriage of justice.” Gray v. State, 549 So.2d 1316, 1321 (Miss.1989). Moreover, the Sixth Amendment right to, a speedy trial “is one of the most basic rights preserved by our Constitution.” Klopfer v. North Carolina, 386 U.S. 213, 226, 87 S.Ct. 988, 995, 18 L.Ed.2d 1 (1967). In this case, 1,483 days passed between Thomas Flynt’s indictment and his trial. . Because Flynt’s right to a speedy trial clearly has been violated and this violation goes unaddressed by the majority, I respectfully dissent.
Constitutional Right to a Speedy Trial
¶ 47. The right to a speedy, trial is secured by the Sixth Amendment to the United States Constitution and Article 3, Section 26, of-the Mississippi Constitution. U.S. Const, amend. VI (“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by- an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.”) (emphasis added); Miss Const, art. 3, § 26 (“In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed.”) (emphasis added). To analyze constitutional speedy-trial *16 claims, we utilize the four-part test articulated by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which balances: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right, and (4) the prejudice to the defendant. The Barker Court explained that each case should be considered on an “ad hoc basis” and that no one factor is outcome determinative. Id. at 530, 92 S.Ct. 2182. The Court wrote:
We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.
Id. at 533, 92 S.Ct. 2182.

(1) Length of the Delay

¶48.: The constitutional right to a speedy trial attaches “at the time of a formal indictment or information or else the actual restraints imposed by arrest and holding to a criminal charge.” Handley v. State, 574 So.2d 671, 674 (Miss.1990) (quoting Lightsey v. State, 493 So.2d 375, 378 (Miss.1986), superceded by statute on other grounds). Flynt was indicted on September 24, 2009. His trial began on October 15, 2013. Some 1,483 days passed between Flynt’s arrest and indictment. This Court has held that a delay of eight months, or 270 days, is “presumptively prejudicial.” Johnson v. State, 68 So.3d 1239, 1247 (Miss.2011). The United States Supreme Court has held that “the presumption that pretrial delay has prejudiced the accused intensifies over time.” Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The delay in this case, 1,483 days, exceeds this Court’s “presumptively prejudicial” threshold more than fivefold. This factor weighs heavily against the State.

(2) Reason for the Delay

¶ 49. As for Barker’s second criterion, the Court weighs governmental negligence heavily against the State. See Doggett, 505 U.S. at 652-653, 112 S.Ct. 2686. The record is clear regarding the reason for the delay. Flynt’s trial was scheduled to commence on February 22, 2010. Because the prosecutor had another trial scheduled on that date, the trial was rescheduled for May 24, 2010, 243 days after Flynt had been indicted. On May 25, 2010, the State moved, ore tenus, for the case to pass to the Circuit Court of Forrest County’s inactive files. The State averred that it was not prepared to go to trial because “some evidence has been misplaced, lost, or inadvertently destroyed while in the custody of the Hattiesburg Police Department.” This case remained in the inactive files of the court until June 21, 2013, when the State filed a motion to reinstate the case to the Circuit Court of Forrest County’s active docket. The State contended that there was no speedy-trial issue with reactivating the case because “the defendant has been at liberty since the time of his indictment.” When the State filed the motion to reactivate the case, 1,367 days had elapsed since the date Flynt was indicted. The prosecutor implied that the State’s failure to prosecute the case was due to the district attorney’s prosecutorial discretion. The prosecutor explained that, “a different District Attorney and Assistant District Attorney ... passed [the case] to files — The indictment came down in September of [20]09. It was passed on May 25, [20]10, and reinstated on July 25, 2013, under the new administration.” (Emphasis added.) After the case was reactivated from the court’s files, a trial date was set for October 15, 2013.
*17 ¶ 50. In this case, the government’s negligent loss of its own-evidence and failure to investigate the case should be weighed heavily against the State and not at all against the accused. Moreover, the case had remained dormant in the circuit court’s files for more than three years because the district attorney had decided not to pursue this charge. The government’s decision to forego or defer prosecution in this case should be weighed heavily against the State for the purpose of a speedy-trial analysis.

(3) Whether the defendant asserted his right to a speedy trial.

¶ 51. Next, we must consider whether Flynt asserted his right to a speedy trial. The record is clear that Flynt did not raise this right in the trial court. However, this must be considered in light of the circumstances of the case.
¶ 52. On May 25, 2010, the State made an ore tenus motion to pass this case to the circuit court’s inactive files 243 days after Flynt had been indicted. In other words, when the case was active, Flynt’s constitutional right to a speedy trial had not been implicated, because 270 days had not passed. See Johnson, 68 So.3d at 1247. “It is not the duty of the accused to bring himself to trial.... It is the State, of course, that bears the burden of bringing an accused to trial in a speedy manner.” McGhee v. State, 657 So.2d 799, 804 (Miss.1995) (citations omitted). A prosecutor’s decision to pass a case to the circuit court’s files, in effect, holds the indictment in abeyance or acts as a dismissal without prejudice. See Ross v. Milner, 194 Miss. 497, 12 So.2d 917, 919 (1943) (“[T]he Court said in view of the fact that the indictment had been remanded to the files that ‘If it be true that the indictment in question was filed away as claimed by appellant, then there was no prosecution pending in court at the June term; hence no order forfeiting the bond could be legally made, nor could any judgment be legally rendered upon said bond, and such judgment would be clearly erroneous, if not absolutely void,’”) (quoting Hall v. Commonwealth, 17 Ky. Law Reptr. 231, 30 S.W. 877 (1895)). Because passing a case to the files operates as a dismissal without prejudice, we have recognized in the past that a “district attorney may be willing to pass an indictment to the files pending good behavior, or for other cause,” when he would be unwilling to recommend a nolle prosequi and it often happens that a defendant is willing to accept this arrangement as the best settlement available.” Gordon v. State, 127 Miss. 396, 90 So. 95 (1921). Furthermore, we have held that a prosecutor’s decision to pass an indictment to the court’s inactive files, like an order of nolle prosequi, is not an acquittal on the merits arid does not implicate a criminal defendant’s right against double jeopardy. Beckwith v. State, 615 So.2d 1134, 1147 (Miss.1992). However, it is clear that while the case remains in the circuit court’s files, the case is inactive. Ross, 12 So.2d at 919. Therefore, if the defendant were to file a motion in circuit court while his criminal case was inactive, any judgment the court made on that motion would be void. See id. Thus, at the point in time that Flynt’s constitutional right to a speedy trial attached, his case was in abeyance, there was no reason for him to press a speedy-trial claim, and, even if he had filed a motion concerning the length of the delay in this case, any judgment that may have issued on his speedy-trial motion would have been void. See id.
¶ 53. Flynt’s indictment remained dormant in the court’s inactive files from May 25, 2010, until June 24, 2013. At that time, the trial court reinstated the State’s case on its active docket on the prosecutor’s motion. When the Court reinstated the *18 case to its active docket, 1,369 days had passed since Flynt had been indicted. The trial court scheduled Flynt’s trial for October 16, 2013, giving Flynt a little more than three months to prepare for trial. By this time Flynt was being represented by •the .Office of the Public Defender and not the private attorney who represented him prior to the passing of his case to the court’s inactive files. Flynt’s new trial counsel averred that the.file containing the defense’s investigative materials had been kept in a storage unit during the time that Flynt’s case was inactive. While the defense investigative file, was in storage, it suffered severe water damage. Flynt’s trial attorney asserted that the file had been damaged beyond repair and that she could not be sure of what the file contained, but she believed it included the results of investigations into the case and inteiwiews done,with witnesses. The defense attorney asserted that she needed to reconstruct the contents of the file, but she would not have time to do so in time for the October 15, 2013, trial date. The trial court denied Flynt’s motion for a continuance for the purpose of reconstructing the case file.. Thus, during the time his case was reinstated to the trial court’s active docket, it was clear that all preparation that had been done for his original trial had been destroyed. Under these circumstances, Flynt understandably sought and was denied a continuance and did. not assert his right to a speedy trial, .
¶ 54. Thus, because Flynt did not raise his right to a speedy trial in the trial court, this factor weighs against him. Jaco v. State, 574 So.2d 625, 632 (Miss.1990). But, given the unique circumstances of this case, it is readily understandable and should not weigh against him.
(⅜) Prejudice to the Defendant
¶ 55. The United States Supreme Court has held that-unreasonable pretrial delay threatens to produce more than one sort of harm; including “oppressive pretrial incarceration,”, “anxiety and concern of the accused,” and “the possibility that the [accused’s] defense will be impaired” by dimming memories and loss of exculpatory evidence. Barker, 407 U.S. at 532, 92 S.Ct. 2182. Of these forms of prejudice, “the most serious is the last, because the inability of a defendant adequately to prepare his .case skews the fairness of the entire system.” Id, ■
¶ 56. In this case, Flynt was not incarcerated .between his indictment and his trial. Moreover, the record is devoid of information concerning his anxiety or concern regarding trial. But the record is clear that Flynt’s defense suffered significant impairment as a result of the delay in this trial. When the State moved to pass this case to the court’s inactive files, the prosecution informed the judge that it was not prepared to go to trial because “some evidence has been misplaced, lost, or inadvertently destroyed while in the custody of the 'Hattiesburg Police Department.” The record is unclear about the nature of this evidence, given that it was destroyed. But,' it is well established that criminal defendants have a significant constitutional interest in evidence that is “material either to guilt or to punishment, irrespective of the-good faith or bad faith of the prosecution.” Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In Barker, the United States Supreme Court explicitly recognized that impairment of an accused’s defense is the most difficult form of speedy trial prejudice to prove because time’s erosion of exculpatory evidence and testimony “can rarely be shown.” Barker, 407 U.S. at 532, 92 S.Ct. 2182. “And though time can tilt the case against either side, one cannot generally be sure which of them it has prejudiced more severely.” Doggett, 505 U.S. at 655, 112 S.Ct. 2686. Thus, the United States *19 Supreme Court has held that the destruction of evidence “presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.” Id. at 655, 112 S.Ct. 2686 (emphasis added).
¶ 57. But the Hattiesburg Police Department’s loss of evidence was not the only instance in which the record is clear that evidence dissipated prior to Flynt’s trial. During the time that Flynt’s case lay in the iriactive court files, Flynt’s original lawyer had stored his case file, complete with the results of investigations and interviews. During the course of the three-year delay, the case file suffered irreparable damage, and Flynt lost the benefit of all of the file’s contents.
¶58. It therefore is clear that Flynt suffered actual prejudice by the delay in his trial due to loss of evidence. See Doggett, 505 U.S. at 655, 112 S.Ct. 2686.
Conclusion
¶ 59. Having, conducted a thorough Barker analysis, I believe that Flynt’s federal and state constitutional rights to a speedy trial clearly have been violated. I respectfully dissent.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.

. Thomas Flynt, the criminal defendant in this case, has been limited by the arguments made by his counsel at both the trial and appellate level. Thus, because Flynt challenges only the weight of the evidénce in his brief on appeal, we cannot consider some of the more interesting, novel arguments that are lurking beneath .the surface. For example, whether the Castle Doctrine automatically renders insufficient the evidence supporting a conviction for manslaughter is not before this court at present.