PITTMAN *v.* FORBES.

(Division A. Oct. 23, 1939.)

[191 So. 490. No. 33950.]

784

G. Wood Magee and Shirley Magee, both of Monticello, for appellant.

Rawls & Hathorn, of Columbia, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant filed a petition with the Clerk of the Circuit Court of Marion County for a judicial review of an order of the Democratic Executive Committee declaring Forbes the party nominee for the office of Supervisor of District 4 of that county. The attorneys who filed the petition for the appellant, filed also therewith a certificate signed by them that "we verily believe that the said protest and petition should be sustained, and that the relief therein prayed for should be granted". On a proper objection thereto, this petition was dismissed by the judge appointed to try the case on the ground that the certificate filed therewith did not comply with the requirement therefor of Section 15, Chapter 19, Laws Ex. Sess. 1935. That section provides "But such petition for a judicial review shall not be filed unless it bear

the certificate of two practicing attorneys that they and each of them have fully made an independent investigation into the matters of fact and of law upon which the protest and petition are based and that after such investigation they verily believe that the said protest and petition should be sustained and that the relief therein prayed should be granted, . . ."

The purposes of this provision of the statute is to prevent persons declared party nominees from being harassed with trivial applications for a judicial review thereof, and contemplates, as the word "independent" connotes, a certificate by lawyers who are without bias or prejudice. 31 C. J. 473. Such a purpose eliminates attorneys who represent a contestant at the time their investigation of the matter is made, or at the time his petition for a judicial review is filed.

Affirmed.