PEARSON v. JORDAN.

(Division B. Nov. 13, 1939.)

[192 So. 39. No. 33949.]

Welch & Cooper, and **F. Holt Montgomery**, all of Laurel, for motion.

**Shannon & Schauber,** of Laurel, for appellant.

**McGowen, J.,** delivered the opinion of the court.

The appellant, W. A. Pearson, as contestant, protested before the Democratic Committee of Jones county the nomination of Bunk Jordan, candidate for supervisor of Beat 3 of that county. The Executive Committee declared the contestee the nominee. Thereupon the contestant filed his petition, with certificate attached, with the Circuit Clerk, seeking a hearing before the special tribunal provided in such cases by chapter 19, Laws of the Extra Session 1935. The certificate of two attorneys, required by section 15 of said act, was signed by A. B. Schauber and Charles C. Evans, as attorneys. Schauber undoubtedly was an attorney in the case throughout the proceedings, and is of counsel in the appeal to this Court.

Upon the filing with the Clerk of the Circuit Court of the petition for a hearing, the special tribunal was organized, and upon a hearing dismissed Pearson's cause, declaring Jordan the nominee. From the judgment of that tribunal the contestant, Pearson, has appealed to this Court.

The certificate of Schauber, given under section 15 of the act, was equivalent to no certificate at all, and does not comply with the requirement of that section, the material part of which reads as follows: "But such petition for a judicial review shall not be filed unless it

bear the certificate of two practicing attorneys that they and each of them have fully made an independent investigation into the matters of fact and of law upon which the protest and petition are based and that after such investigation they verily believe that the said protest and petition should be sustained and that the relief therein prayed should be granted, . . ."

In the case of Enoch Pittman v. Forbes, Miss., 191 So. 490, 491, decided by Division A., on October 23, 1939, this Court held that the certificate should be signed by unbiased lawyers; and that "Such a purpose eliminates attorneys who represent a contestant at the time their investigation of the matter is made, or at the time his petition for a judicial review is filed." In that case the Court had before it the question of the certificate, and the point had been made in the lower court.

In the case at bar the motion on behalf of the appellee, the contestee, is to dismiss the appeal, because there was no certificate which complied with the statute filed with the petition. The statute is mandatory that such petition shall not be filed unless on the certificate of two practicing attorneys, etc.

Section 15 (b) further provides: "Upon the filing of the petition [provided for in section 15] certified as aforesaid, and bond, the circuit clerk shall immediately," etc. These provisions show that the Clerk of the Circuit Court is not authorized to initiate proceedings to resent the complaint to a special tribunal, without the statutory certificate of two disinterested practicing attorneys.

It follows, therefore, that the special tribunal was without jurisdiction to hear and determine the cause; and that this Court is therefore without jurisdiction to hear it on appeal. The statute is mandatory, using as emphatic language as could be employed, under the circumstances.

We deem it highly important that this provision of section 15 should be complied with, not only for the reason assigned by this Court in the case of Pittman v.

Forbes, supra; but for the further reason that expense is entailed, the presiding judge of another district is called upon to lay down his duties and attend upon the trial; and the county is required to pay certain expenses. The right of a contestee to an office to some extent is tainted by the proceeding; and it is important that this independent investigation should be made by disinterested attorneys, having no connection with the case. The certificate of the two disinterested attorneys is just as important as the petition itself, and is jurisdictional.

Without considering the merits of the controversy, the motion here is sustained, and the appeal is dismissed.

Appeal dismissed.