515 So.2d 949 (1987)
J.C. McDANIEL
v.
David C. BEANE. and
David C. BEANE
v.
J.C. McDANIEL.
No. 58627.
Supreme Court of Mississippi.
November 18, 1987.
Mitchell D. Colburn, Sparks, Wicker & Colburn, Tupelo, for appellant.
Charles R. Brett, Tupelo, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the Court:

I.
This is an election contest. State law has been designed to filter out sour grapes and to that end requires that two attorneys independently examine and certify to the merit of a defeated candidate's petition for judicial review. Authoritative construction of that law disqualifies attorneys representing the contestant from making that certificate. Today's contestant ran afoul these rules, in consequence of which his petition was dismissed. We affirm.
Dismissal of the petition for judicial review leaves undisturbed the certification of the County Democratic Executive Committee. So much of the judgment of the Special Tribunal as orders a new election is reversed and rendered.

II.
Prior to 1987, J.C. McDaniel, Appellant herein, served as Elections Commissioner, Third District, Itawamba County, Mississippi. On April 24, 1987, McDaniel tendered *950 his resignation from the office of Elections Commissioner and that resignation was immediately accepted. Thereafter, McDaniel qualified as a candidate for the Democratic Party nomination for the office of Supervisor, Third District, Itawamba County, Mississippi.
The Itawamba County Democratic Party held its first primary election on Tuesday, August 4, 1987. On that occasion, no candidate received a majority of the votes. McDaniel and David C. Beane, Appellee herein, were the two highest vote getters, in consequence of which the Party's Executive Committee certified that their names should be placed on the ballot for the second primary.
Three weeks later, on August 25, 1987, the second primary election was held. McDaniel received 1,113 votes to only 890 for Beane. McDaniel was the apparent winner of the Democratic Party nomination.
Thereafter, Beane timely filed with the Itawamba County Democratic Party Executive Committee a challenge to the election. On September 21, 1987, the Executive Committee heard the contest, and on the authority of our decision in Meeks v. Tallahatchie County Democratic Executive Committee, 513 So.2d 563 (Miss. 1987), disqualified McDaniel and declared David C. Beane to be the Democratic Party nominee for the office of Supervisor, Third District, Itawamba County.
On September 23, 1987, McDaniel filed in the Circuit Court of Itawamba County, Mississippi, his petition for judicial review. In that petition McDaniel urged that he was fully qualified as a candidate for the office he sought and asked that he be declared the Democratic nominee for that office. Supporting his petition for judicial review was an affidavit which reads as follows:
STATE OF MISSISSIPPI COUNTY OF LEE
AFFIDAVIT
We, Mitchell D. Colburn and David R. Sparks, hereby certify that we are licensed and practicing attorneys in the State of Mississippi and that we have fully made independent investigations into the matters of fact and law upon which the protest and petition of J.C. McDaniel is based and that after such investigation we verily believe that the same protest and petition should be sustained and that the relief therein prayed should be granted.
 /s/ 
 MITCHELL D. COLBURN
 /s/ 
 DAVID R. SPARKS
SWORN TO AND SUBSCRIBED BEFORE ME, this the 23rd day of September, 1987.
 /s/ BRENDA G. HAWKINS
 NOTARY PUBLIC
My Commission Expires:
06-27-1991
Mitchell Colburn also signed the Petition for Judicial Review as attorney for J.C. McDaniel. Colburn's signature indicates that he is acting for and on behalf of his law firm, Sparks, Wicker and Colburn. David R. Sparks is a member of that firm.
Pursuant to order of this Court, a Special Elections Tribunal was convened, Hon. Anthony T. Farese, Chancery Judge, presiding, along with the members of the Itawamba County Elections Commission. In due course, the Special Tribunal heard and considered this matter and on October 14, 1987, dismissed the petition. The Tribunal's reason for its action was that the attorney's affidavit was a procedural prerequisite to relief via judicial review and that Colburn and Sparks were not eligible to make such an attorneys' affidavit for the reason that they were acting as attorneys for McDaniel. The Tribunal went further and ordered that a special primary election be held and "that the names of the remaining six candidates who had properly qualified shall be placed on the ballot and a runoff, if necessary, shall be held two weeks thereafter."
Aggrieved at the decision of the Special Tribunal, McDaniel now appeals to this Court. Beane appeals from so much of the order as requires a new election. Pending this appeal we have stayed all further elections *951 and proceedings with reference to the office of Supervisor, Third District, Itawamba County, Mississippi.

III.
The procedure for obtaining judicial review of the action of a political party's county executive committee with respect to an election contest has heretofore been provided by statute. In relevant part, Miss. Code Ann. § 23-15-927 (Supp. 1987) provides that an election contestant may seek judicial review by filing his petition in the Circuit Court of the county involved. The statute then provides:
But such petition for a judicial review shall not be filed unless it bear the certificate of two (2) practicing attorneys that they and each of them have fully made an independent investigation into the matters of fact and of law upon which the protest and petition are based and that after such investigation they verily believe that the said protest and petition should be sustained... .
McDaniel's petition was supported by an affidavit/certificate of Colburn and Sparks. The outcome determinative question is whether Colburn and Sparks were eligible to make the certificate. The Special Tribunal held that they were not. We agree. Attorneys who are in fact representing the contestant with respect to the election contest are disqualified from providing the certificate required by statute.
Section 23-15-927 was enacted in 1986 and became effective January 1, 1987. Miss. Laws 1986 ch. 495 § 283.[1]
The statutory language with which we are here concerned has its origins in the Corrupt Practices Act of 1935. Miss. Laws ch. 19 (1935). Section 15 of that Act contains language identical to that just quoted. This language was originally codified as Miss. Code Ann. § 3182 (1942). It was carried forward into the 1972 Code and original codified there as Section 23-3-45. The requirement has now found its home in Section 23-15-927 which in pertinent part has been recited above.
Where validly enacted statutory language is brought forward in new codes or amended versions of the original statutes, prior interpretations thereof remain persuasive, that is, in the absence of some indication in the new amendment or enactment that prior interpretation should no longer be credited.
The proviso at issue was authoritatively construed by this Court in two 1939 cases. Pittman v. Forbes, 186 Miss. 783, 191 So. 490 (1939); and Pearson v. Jordan, 186 Miss. 789, 192 So. 39 (1939). Pittman held disqualified
attorneys who represent a contestant at the time their investigation of the matter is made, or at the time his petition for a judicial review is filed.
186 Miss. at 789, 191 So. at 491.
Pearson is to like effect. This construction of the statute was recognized a year later in Harris v. Stewart, 187 Miss. 489, 504, 193 So. 339, 342 (1940).
This statute was before us most recently in Noxubee County Democratic Executive Committee v. Russell, 443 So.2d 1191, 1194-95 (Miss. 1983). Noxubee County was concerned with the "fullness of the investigation" the certifying attorneys had conducted, not with their legal eligibility to conduct such investigation at all. The opinion of the Court does not reflect whether the certifying attorneys were eligible under the Pittman rule. From the opinion it appears that no challenge to the investigation was made on that ground.[2] Nothing in Noxubee County eviscerates the Pittman rule. To the contrary, Noxubee County approves the rationale of Harris v. Stewart *952 to the effect that the attorneys asked to give the statutory affidavit/certificate are deemed "quasi-judicial officers" who may be disqualified only on grounds that "would disqualify a judge." Noxubee County, 443 So.2d at 1194, quoting Harris v. Stewart, 187 Miss. at 506, 193 So. at 343. That he or she had acted as attorney in bringing a judicial proceeding would certainly disqualify one from sitting as a judge in deciding the matter brought.
In the face of this authority, McDaniel paddles upstream. He calls to our attention the statutory procedure in election contests for perfecting an appeal to this Court which appears presently in Miss. Code Ann. § 23-15-933 (Supp. 1987). That statute contemplates a bill of exception signed "by two disinterested attorneys." McDaniel reasons that if the draftsmen of Section 23-15-927 had intended to require that the attorneys certifying to the petition for judicial review be "disinterested" they could well have employed the same language as appeared in Section 23-15-933. McDaniel acknowledges that Section 23-15-933 says what the Special Tribunal read into Section 23-15-927. The short answer is that the language of Section 23-15-933 has been in the law since enactment of the Corrupt Practices Act. See Miss. Laws ch. 19, § 15(d) (1935). That language was on the books at the time Pittman, Pearson, Harris and Noxubee County were decided.
So much of the judgment of the Special Tribunal as dismissed McDaniel's petition for judicial review is affirmed.

IV.
David C. Beane cross-appeals the Special Tribunal's Order that a new Democratic Party primary election be held for the office of Supervisor, District Three. Beane urges that dismissal of McDaniel's petition for judicial review leaves the decision of the Itawamba County Democratic Executive Committee certifying him as the party's nominee in full force and effect. In this Beane is correct.
Where, as here, a political party's county executive committee has certified an individual as the party nominee for a public office, and where, as here, an aggrieved aspirant for that office files a petition for judicial review, and where, as here, that petition for judicial review is finally dismissed, the certification of the executive committee stands as the legally enforceable result of the primary election. Francis v. Sisk, 205 So.2d 254, 258 (Miss. 1967); Kennedy v. Ritter, 205 So.2d 258 (Miss. 1967); Crawley v. Beasley, 205 So.2d 259 (Miss. 1967).
So much of the order of the Special Tribunal as directs that a new primary election be held is vacated. The certification of the Itawamba County Democratic Committee that David C. Beane is the party's nominee for Supervisor, District Three, remains in full force and effect as though no petition for a judicial review had ever been filed.
ON DIRECT APPEAL, AFFIRMED; ON CROSS APPEAL, REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] In accordance with Sections 349 and 350, ch. 495, Laws of 1986, the provisions of chapter 495 were submitted on November 3, 1986, to the Attorney General of the United States for consideration and pre-clearance under the provisions of the Voting Rights Act of 1965, as amended and extended. On December 31, 1986, and on January 2, 1987, the Attorney General of the United States interposed no objections to the changes involved in chapter 495, Laws of 1986, thereby implementing the effective date of January 1, 1987, of the Mississippi Election Code.
[2] We have retrieved and examined the record in Noxubee County. The attorneys who gave the affidavit/certificate in support of the petition for judicial review were Thomas L. Segrest, Esq., and Dudley H. Carter, Esq., both of Columbus, Mississippi. The attorneys who signed the petition for judicial review and who represented the contestant in the ensuing judicial proceedings were W.H. Jolly, Jr., Esq., of Columbus, Mississippi; Michael D. Ferris, Esq., of Macon, Mississippi, and Conrad Mord, Esq., of Tylertown, Mississippi. On the face of the Noxubee County record, no reason appears why Segrest and/or Carter may have been ineligible to give the attorneys' affidavit/certificate. The point was apparently never raised or litigated.