I respectfully dissent. In my opinion, this Court ought not to overrule cases which have uniformly interpreted a statute which has been on our books for a hundred and thirty-three years, and which has been re-adopted in our "code" eight times without substantial change. The first part of the majority opinion correctly represents that at least eighty-five years of case law uniformly interpreted the statute. Merrill Lynch, Pierce, Fenner Smith v. Curran, 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982); McDaniel v. Beane, 515 So.2d 949, 951 (Miss. 1987);Crosby v. Alton Ochsner Medical Fund, 276 So.2d 661 (Miss. 1973).
The opinion goes on with the black letter BUT introducing a new line of cases dealing simply with cases where courts of the same county have concurrent jurisdiction. I respectfully submit that these cases do not deal with the same issues which the statute, §99-11-19, addresses and which have been on our books so long. These cases involve prosecutions in courts of the same county. The statute has to do with cases involving courts of different counties. The legislature has known how this Court has interpreted the statute for eighty-five years, and has kept it in the present form through several re-enactments.
If the legislature cannot validly enact the statute we should strike it down. If the *Page 1207 
legislature may validly enact it we should follow it, whether we agree with it or not. Absent a constitutional impediment, I would follow the clear legislative intent as we did for eighty-five years. If the law should be changed, I would let the legislature do it.
I would reverse.
DAN M. LEE, P.J., and SULLIVAN, J., join this opinion.