**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 97-CA-01362-SCT**

*FRED ESCO, JR.*

*v.*

*ALICE SCOTT, THE MUNICIPAL DEMOCRATIC EXECUTIVE COMMITTEE OF THE
CITY OF CANTON, MISSISSIPPI, GOLDMAN F. JONES, JR. AND BERNADETTE
RUSSELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/1997 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL L. BEGLEY |
| ATTORNEY FOR APPELLEES: | EDWARD BLACKMON |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 3/18/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/14/99 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Fred Esco, Jr., an unsuccessful contender for the Democratic nomination for the City of Canton's 1997 mayoral race, challenges the dismissal of his election contest petition by the Circuit Court of Madison County on October 20, 1997. We find that the Special Judge ruled correctly in finding that an attorney who is "of counsel" to the firm in which the petitioner's attorney is a partner is not eligible to make the certification of a practicing attorney that an independent assessment of the claim has been made, as required by Miss. Code Ann. § 23-15-927 (1986) as a jurisdictional prerequisite to for the filing of a petition contesting a primary election. Accordingly, we affirm the dismissal of Esco's petition by the court below.

I.

¶2. Fred Esco, Jr. ran unsuccessfully in the May 6, 1997 Democratic Primary Election in the City of Canton seeking his party's nomination for mayor. Alice Scott received a majority of the votes cast and was declared the party's nominee. Alleging irregularities in the balloting, Esco filed a petition with the Municipal Democratic Executive Committee of the City of Canton, Mississippi on May 26, 1997.

¶3. On May 3, 1997, the Committee met and considered Esco's petition. After hearing several witnesses

and considering the documentation entered into evidence, the Committee found that despite a number of errors, there was no direct evidence either of fraud or willful violation of election procedures.

¶4. Alleging that the Executive Committee "has wrongfully failed to act or to fully and properly and properly investigate and has wrongfully denied the relief prayed by said contestant," Esco, through his attorney Samuel L. Begley, a partner in the law firm of Maxey, Wann & Begley, filed a his Sworn Petition Contesting Election in the Circuit Court of Madison County on June 2, 1997. The petition was accompanied by three certificates of practicing attorney. One was signed by John F. Hawkins, an attorney in the firm of Maxey, Wann & Begley. Another was signed by Peyton D. Prospere, listed on the Maxey, Wann & Begley letterhead as "of counsel." The third was signed by James A. Bobo, who was not affiliated with the firm.

¶5. In her response, filed July 2, 1997, Alice Scott asserted as her affirmative defenses that the circuit court did not have jurisdiction to hear the case because of Esco's alleged failures to meet the requirements of the Election Code, including that he did not show or state through exhibits that he, and not Scott, should have been the nominee for mayor; that his petition was pled in general and not specific terms with regard to election irregularities or fraud; and that in his petition to the Democratic Executive Committee, he did not show the effect sustaining his challenge would have had on the result of the Executive Committee's vote. Esco then filed his first amended petition on August 12, 1997 to add as defendants the two other candidates in the primary race, Goldman F. Jones, Jr. and Bernadette Russell. Scott's response, filed on September 3, 1997, included a motion to dismiss, based on her previously stated affirmative defenses.

¶6. A motions hearing was held on September 4, 1997. As Esco asserted in his September 10, 1997 Response to Respondent Alice Scott's Motion to Dismiss, Scott added another basis for dismissal at that time: that two of the certificates of practicing attorneys were not in compliance with the Election Code because John Hawkins was a member of Esco's attorney's law firm and Peyton Prospere was "of counsel" to the firm.

¶7. In its September 19, 1997 opinion, the Special Judge found that neither Prospere nor Hawkins was eligible to make a certification pursuant to Miss. Code Ann. § 23-15-927. Thus, citing *Pearson v. Jordan*, 186 Miss. 789, 192 So. 39 (1939), he found that the circuit court did not have jurisdiction to consider Esco's petition and dismissed it.

¶8. Esco filed a motion for reconsideration on September 23, 1997, alternately contending that Scott had waived her right to challenge Prospere's eligibility to make a certification in the case or that he should be allowed additional time to provide a certificate from another attorney. He further sought to amend his pleadings pursuant M.R.C.P. 15, stating that "Plaintiff's counsel has contacted two attorneys who agree to investigate the matter with dispatch and if the facts and law bear out, to provide supporting certificates/affidavits in accordance with Section 23-15-927." Esco's motion for reconsideration was denied and an order dismissing the action was entered on October 21, 1997.

II.

¶9. Miss. Code Ann. § 23-15-927 (1986) provides for the filing of petitions contesting primary elections in circuit court when the county executive committee or State Executive Committee has failed to act fully upon or with reasonable promptness upon the petitioner's protest. Before the court may hear the case, the statute requires, in relevant part, that:

But such petition for a judicial review shall not be filed unless it bear the certificate of two (2) practicing attorneys that they and each of them have fully made an independent investigation into the matters of fact and of law upon which the protest and petition are based and that after such investigation they verily believe that the said protest and petition should be sustained and that the relief therein prayed should be granted . . .

§ 23-15-927. Esco first contends that the Special Judge erred in disqualifying the affidavit of Peyton Prospere, an attorney "of counsel" with the law firm representing Esco in the election contest proceedings.[(1)] He asserts that Prospere's relationship with the firm does not warrant his disqualification pursuant to the standard articulated in *Harris v. Stewart*, 187 Miss. 489, 193 So. 339 (1940).

¶10. In *Harris*, an election contest case, this Court found that an attorney who was a close friend of the petitioner's attorney whom he sometimes associated as counsel on cases and whose offices happened to be on the same floor of the building in which both worked, was not disqualified from serving as a certifying attorney in the petitioner's case. The *Harris* Court stated:

> The only facts which would disqualify a certifying attorney are: Employment of the attorney, past, present, contingent or prospective, by or for the contestant as his attorney in respect to the matter involved in the contest, or such facts as would disqualify a judge under Section 165, Constitution 1890.

*Id.* at 342.[(2)] *See also* *McDaniel v. Beane*, 515 So. 2d 949, 951 (Miss. 1987)("Attorneys who are in fact representing the contestant with respect to the election contest are disqualified from providing the certificate required by statute."); *Pearson v. Jordan,* 186 Miss. 789, 192 So. 39 (1939); *Pittman v. Forbes*, 186 Miss. 783, 191 So. 490 (1939) Explaining that the statute from which the present version of § 23-15-927 is derived was intended "to prevent, or at least to minimize, the bringing before the courts of captious or unsubstantial political contests of primary elections . . . and to forestall, in a large measure, spiteful partisan litigation which would needlessly cast doubt upon the future title of the successful candidate to the nomination for the public office involved,"[(3)] the *Harris* Court further stated:

> That primary election campaigns often engender unreasonable animosities among candidates and their partisans, especially as regards local and county candidates, and that these animosities lead to unreasonable and unfounded charges of wrongful conduct, and that they will continue in intensity for some time after the election is over. That candidates who, upon the face of the returns, are shown to have been defeated, burning sometimes with a conviction of blame to be placed somewhere, will too often be overready to charge election frauds, and, if having the means to do so, will employ attorneys to make contests, who when so employed may soon possess, to a large extent, the bias and partisan interest which has impelled the client.

*Harris,* 193 So. 2d at 343.

¶11. In his written opinion, the Special Judge expressed concern that Prospere's relationship or association with the Maxey firm was ongoing. He then stated:

> Mississippi has adopted an objective test to determine if a judge should have disqualified him or herself. A judge is required to disqualify himself if a reasonable person, knowing all of the circumstances, would harbor doubts about his impartiality. *Jenkins v. State,* 570 So. 2d 1191

(Miss. 1990).

> The listing of Attorney Prospere on the letterhead by contestant's attorneys establishes an ongoing relationship of advisor or consultant, less than partner or associate, but not independent. This Court is of the opinion that using the objective test a reasonable person would question the impartiality of an attorney listed on the letterhead "of counsel" of the firm representing contestant.

¶12. The Oxford English Dictionary, upon which the circuit court relied, defines the term "of counsel" as follows: "of counsel with or for (a person), in, with or to (an act, etc.); in the counsels, confidence, or secrets of; one of the advisors of (a person); privy to (an act)." The Oxford English Dictionary 1012 (2d ed. 1989)(emphasis in original). Concerned by "the representations implied by the use of the title 'of counsel' on letterheads, law lists, professional cards, notices, office signs and the like: that is, its use in circumstances where there is a holding out to the world at large about some general and continuing relationship between the lawyers and law firms in question," the American Bar Association's Committee on Ethics and Professional Responsibility has examined the circumstances under which use of the title is ethically permissible.[4] ABA Comm. on Ethics and Professional Responsibility, Formal Op. 90-357 (1990). The Committee stated that "[t]he use of the title "of counsel," or variants of that title, in identifying the relationship of a lawyer or law firm with another lawyer or firm is permissible as long as the relationship between the two is a close, regular, personal relationship and the use of the title is not otherwise false or misleading." *Id*. Conversely, the Committee found that it was ethically impermissible to use the "of counsel" designation to indicate a professional relationship involving an individual case, that of a forwarder or receiver of legal business, a relationship involving "only occasional collaborative efforts among otherwise unrelated lawyers or firms," or an outside consultant. *Id.* This Court has found that a member of the law firm representing a contestant is not eligible to make the certification required by the statute. *McDaniel v. Beane,* 515 So. 2d 949, 951 (Miss. 1987). Given the close, regular, personal relationship between attorney and law firm contemplated by the ABA where the "of counsel" designation is employed, the circuit court should not be held in error for likewise finding that an attorney listed as being "of counsel" on the letterhead of the firm representing the contestant also is not eligible to make the certification required by the Election Code.

III.

¶13. Esco further contends that by not seeking to disqualify the certifying attorneys until the motions hearing,[5] Scott waived the issue. Without any further discussion, Esco references *Ryals v. Pigott,* 580 So. 2d 1140, 1175 (Miss. 1990), as his authority for this proposition. As distinguished from the recusal of a judge, which was at issue in *Ryals*, however, the disqualification of a certifying attorney is jurisdictional since the certificate is a jurisdictional prerequisite to filing the petition. *See Pearson v. Jordan,* 186 Miss. 789, 192 So. 39, 40 (1939)("The certificate of the two disinterested attorneys is just as important as the petition itself; and is jurisdictional.")

¶14. "Subject matter jurisdiction deals with the power and authority of a court to consider a case." *Matter of Adoption of R.M.P.C.*, 512 So. 2d 702, 706 (Miss. 1987). Thus, subject matter jurisdiction may not be waived and may be asserted at any stage of the proceeding or even collaterally. *Id*.; *Penrod Drilling Co. v. Bounds,* 433 So. 2d 916, 924 (Miss. 1983). In this case, the issue was raised at the motions hearing, more than five weeks before trial was scheduled. There is no merit, therefore, to the assignment of error.

IV.

¶15. The Special Judge dismissed Esco's petition for failure to provide the proper certificates and then, on motion for reconsideration, refused Esco's request to provide the court with new affidavits made in light of his representation that "Plaintiff's counsel has contacted two attorneys who agree to investigate the matter with dispatch and if the facts and law bear out, to provide supporting certificates/affidavits in accordance with Section 23-15-927." The order of dismissal stated that the cause was dismissed, without incorporating the language "without prejudice." Thus, it is considered as having been dismissed with prejudice, precluding Esco from refiling. *Ross v. Milner*, 194 Miss. 497, 505-06, 12 So. 2d 917, 918 (1943). In his two-sentence assignment of error, Esco now contends that he should have been allowed to amend his petition pursuant to M.R.C.P. 15 so as to provide an affidavit from another attorney.

¶16. In those election contest cases where the contestant's petition was not supported by certificates made by eligible attorneys, dismissal for want of jurisdiction has been found to be proper. *McDaniel,* 515 So. 2d at 952; *Pearson*, 192 So. at 40. Further, leave to amend pursuant to M.R.C.P. 15(a) is limited to those cases which are dismissed pursuant to M.R.C.P. 12(b)(6) and 12(c), not those dismissed for lack of jurisdiction. *Prisock v. Perkins,* 1998 WL 909561, ¶ 26 (Miss. Dec. 31, 1998). The Special Judge therefore should not be held in error for dismissing the case.

V.

¶17. The Special Judge properly found that an attorney designated as being "of counsel" with the law firm representing Esco in his election contest was not eligible to make the independent certification required by § 23-15-927. The issue is jurisdictional, and thus Scott did not waive her right to raise it by waiting until the motions hearing, held some five weeks before the trial was scheduled. The order of the Special Judge dismissing the action is affirmed.

¶18. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH AND WALLER, JJ., CONCUR. MILLS, J., NOT PARTICIPATING.**

1. The Special Judge also disqualified the affidavit of John Hawkins, an associate with the firm representing Esco. Esco, however, does not challenge that ruling in this appeal.

2. Art. 6, § 165 of the Mississippi Constitution of 1890 provides that "No judge shall preside on the trial of any cause, where the parties or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties.

3. These statutory requirements have their genesis in the Corrupt Practices Act of 1935. *McDaniel*, 515 So. 2d at 951.

4. The formal opinion distinguishes this use of the designation "of counsel" from those instances where an attorney or law firm is designated as being of counsel in the filing of an individual case, where "there is no general holding out as to a continuing relationship."

5. In his brief, Esco states that the issue was not raised until "oral arguments." The record clearly indicates that it was raised orally at the motions hearing on September 4, 1997.