KITCHENS, Justice,
dissenting:
¶ 37. The majority finds that this matter is not ripe for review because we are asked to review the constitutionality of Measure 26 without its having been placed on the ballot and enacted by the voters of this state.[21] Because, as a matter of law, *1273 this controversy is ripe for review, I must respectfully dissent from the contrary view of my learned colleagues in the majority. Measure 26, facially (as a matter of form) runs afoul of the minimal constitutional requirements of Article 15, Section 273(5)(a), of the Mississippi Constitution; thus, I would reverse the judgment of the Hinds County Circuit Court, First Judicial District, and render judgment in favor of the plaintiffs.

We are faced with a challenge as to form, not of substance.

¶ 38. The majority concedes that “ ‘minimum constitutional and statutory requirements’ ” must be met before a measure is “‘placed on the ballot....’” Maj. Op. at ¶ 13 (quoting Measure 20, 774 So.2d at 401). The opinion goes on to say that “There are two stages for challenging an initiative-driven constitutional amendment: 1) pre-election, as to form, and 2) post-election as to substance.” Maj. Op. at ¶ 13. Indeed, prior to an election, this Court has jurisdiction to decide cases in which a challenge to a proposed initiative is directed at its form and to the question of whether, on its face, the measure meets minimum constitutional and statutory requirements. Where my esteemed colleagues and I disagree is whether at present this Court is faced with a substantive challenge and whether the Court, in In re Proposed Initiative Measure No. 20, 774 So.2d 397 (Miss.2000) (“Measure 20 ”), made provision for a substantive review of proposed constitutional amendments.
¶ 39. The majority erroneously finds that “Plaintiffs ask this Court to render judgment upon the substance of the Inter-venors’ initiative — its constitutionality — in advance of the election.” Maj. Op. at ¶ 6 (emphasis added). Rather, what Plaintiffs are asking this Court to decide is whether the text of the amendment comports with the minimal constitutional requirements of Section 273 of the state constitution. I would hold that Measure 26 is defective in that regard, because the text of the measure purports to add a new section to this state’s Bill of Rights and to modify the meaning of two words which appear some twenty times in our Bill of Rights. This is in direct contravention of Section 273(5)(a) of our state constitution, which reads: “The initiative process shall not be used [f]or the proposal, modification or repeal of any portion of the Bill of Rights to this Constitution.”
¶ 40. The majority is remiss in its reliance on Power v. Ratliff, 112 Miss. 88, 72 So. 864 (Miss.1916), for three reasons: (1) the rule announced in Ratliff does not apply to challenges of an initiative based on form, which is the question before us in today’s case; (2) the Court’s holding in Ratliff was limited to the facts of that case, involving principles of equity and the requirements for obtaining injunctive relief; and (3) the Ratliff court was interpreting the initiative and referendum process as it *1274 existed in our constitution in 1916. Thus, it provides no binding legal precedent for interpreting Section 273 as it now appears in the constitution, which did not exist in its current form until 1992. Likewise, the Court, in Barnes v. Barnett, 241 Miss. 206, 129 So.2d 638 (1961), did not announce a blanket prohibition on courts to decide whether initiatives have met minimum statutory and constitutional requirements. To the contrary, the Barnett Court found that the proposed initiative met minimum constitutional requirements under Section 273 as it existed in 1961. Barnett, 129 So.2d at 640-41 (“Constitution Sec[tion] 273 prescribes the necessary publication, and the method followed in the instant case was sufficient compliance with the constitutional requirement.”).
¶ 41. First, the rule announced in Ratliff touches on substantive challenges. As previously mentioned, the majority mistakenly concludes that Plaintiffs have made a substantive constitutional challenge and thus erroneously rely on Ratliff to announce that this Court has no jurisdiction in such matters. The majority cites Ratliff for the premise that “this Court has found that advance opinions will not be issued to remove alleged clouds or uncertainties from proposed statutes or constitutional amendments.” Maj. Op. at ¶ 7; see Ratliff, 72 So. at 867. This prohibits substantive challenges, not challenges to the facial validity of a proposed measure. The question before us is whether the form of Measure 26, on its face, meets minimum constitutional standards.[22]
¶ 42. Additionally, in Ratliff, 72 So. at 865, the complainants had obtained an injunction in chancery court to prevent the secretary of state from referring two proposed initiatives, one providing for alcohol prohibition and one described as the game and fish law, for a vote in accordance with the initiative and referendum amendment. The Court, relying on traditional principles of equitable jurisdiction, reversed the chancellor and dissolved the injunction because the plaintiffs had failed to show that a submission of the initiatives to the electorate would result in irreparable injury. Id. at 865-66. The reasoning behind this holding was that the plaintiffs had failed to show that their petition for in-junctive relief triggered property rights or civil rights. Id. at 865. The Court went on to say that, generally, equity does not provide for enjoining an election. Id. However, the Court also observed:
It is not necessary to say that this rule obtains to the extent that equity will never restrain the holding of an election, for the door of the court is always open to those who seek protection in matters of property and the maintenance of civil rights or who reasonably apprehend the infliction of irreparable injury ... [I]f an election is attempted to be held without authority of law, equity might well interfere.
Id. Thus, Ratliff does not say that an election will never be enjoined if it is to be held without authority of law. If Measure 26 is placed on the ballot, not having met minimum constitutional standards under *1275 Section 273, this, indeed, will be an election conducted without authority of law.
¶43. It is noteworthy that the standards applied in Ratliff were those apropos to obtaining injunctive relief. Thus, the analysis in Ratliff is limited to its facts, namely, whether those plaintiffs were entitled to injunctive relief under traditional principles of equity. The Court first distinguished Ratliff in Power v. Robertson, 130 Miss. 188, 93 So. 769, 774 (Miss.1922): “[T]he only thing that the court decided [in Ratliff ] was that equity had no jurisdiction in such cases. Quite a different question is presented here, because it is a circuit court whose jurisdiction is invoked, and whose judgment is sought to be reviewed in this ease.” As the Robertson Court explained, Ratliff was decided “on the ground that equity had no jurisdiction to enjoin elections or enforce political rights,” a conclusion with which the Court concurred. Robertson, 93 So. at 774. However, the Robertson Court found that jurisdiction was proper in circuit court where the challenge involved the sufficiency of the petition in favor of the initiative, namely the qualifications of the electorate. Id. at 775 (“[Circuit court has jurisdiction of all questions cognizable in the courts that have not been exclusively vested in other courts.”) (citations omitted). In so doing, the Court reasoned:
In our opinion any qualified elector has a right to question the sufficiency and validity of the petition. The initiative proceeding, reserving the legislative power in the people, makes each elector, if the amendment is valid, a part of the legislative machinery, and with rights as such in the enactment and proposal of legislation. The people who oppose the measure in our opinion have equal rights with those who favor the measure.
Id. at 773. Although Robertson interpreted the initiative process as it existed in 1922, it is clear that the Court was deciding, in advance of the election, whether the petition was valid and thus, whether the proposed initiative met minimum constitutional requirements, the same question before us today.
¶ 44. Finally, this Court, in State ex rel. Moore v. Molpus, 578 So.2d 624, 639 (Miss.1991), explained that constitutional interpretation by this Court is tied to the text of our constitution as it existed at the time the decision was handed down.
[Power v. Robertson, 130 Miss. 188, 93 So. 769 (Miss.1922) ] is an interpretation of Section 273 as it existed prior to 1959. Courts do not normally overrule readings of statutes which have been amended. The obvious reason is that the amendment itself overrules the prior interpretation, which becomes for all practical purposes relegated to history. There is no reason why the same principle should not apply to a provision of the Constitution such as Section 273.
Thus, Ratliff has no binding precedential value on this Court’s interpretation of the requirements of Section 273 of the state constitution, since it did not exist in its current form until 1992. Just as Justice King astutely recognizes in his dissent in today’s companion case, Speed v. Hosemann, 2011-CA-01106, Measure 20 is the only binding legal precedent that interprets the current initiative process.
¶ 45. In Measure 20, 774 So.2d at 399, the Court was presented with the issue of whether the circuit court had exceeded its authority in setting aside a proposed initiative making gaming illegal in this state due to the proposed measure’s failure to include a government revenue-impact statement, as required by both statute and Section 273(4) of the Mississippi Constitution, and due to the measure’s attempted prohibition of rights granted to citizens of this state under the Bill of *1276 Rights of the state constitution. The Court in Measure 20, having decided that jurisdiction had been proper in the circuit court under Article 6, Section 156,[23] of the state constitution, affirmed the circuit court’s finding that the proposed measure was unconstitutional for its failure to include the government revenue-impact statement, as required by Section 273(4) of the state constitution. Id. at 402. In reaching that holding, the Court reasoned:
[Proposed initiatives are subject to review of form and, therefore, content inasmuch as content affects form and form affects content. Simply put, initiatives must meet minimum constitutional and statutory requirements, prior to being placed on the ballot to ensure full disclosure and notice to the electorate.
Id. at 401. This language clearly is not dictum, as the majority suggests, because it is directly linked to the holding in the paragraph immediately following, in which this Court decided that Measure 20, on its face and in its form, did not comport with Section 273(4) of the state constitution, due to its omission of a government revenue-impact statement. See id. at 401-02. Thus, the measure did not meet the minimal constitutional standards of Section 273 and could not be placed on the ballot. It is inescapably obvious that this was a pre-election determination by Mississippi’s judiciary.
¶46. The issue that the Measure 20 Court did not reach was the substantive challenge to the measure, specifically, whether the circuit court had exceeded its authority in setting it aside because it was an attempted prohibition of rights guaranteed to citizens under our Bill of Rights. In fact, the Court explicitly declined to do so, citing Power v. Ratliff, 112 Miss. 88, 72 So. 864 (1916), for the premise that neither this Court nor “any other court” may review proposed initiatives “for their wisdom and merit,” because that is solely within the discretion of the voters. Measure 20, 774 So.2d at 401.
¶ 47. The majority finds it necessary to overrule Measure 20 “to the extent that [it] is read to provide pre-election substantive review of proposed constitutional amendments” and complains of its glaring lack of authority in holding that the circuit court may decide a substantive challenge pre-election. Measure 20 explicitly holds that initiatives are “subject to review of form,” not substance. Id. at 402. Contrary to the majority’s reading of Measure 20, the Court in that case did not equate content with substance, but rather referred to content merely to mean the plain language, i.e., text, of the initiative and whether that text comported with the applicable statutory requirements and the requirements of Section 273 of the state constitution. Given that the Court in Measure 20 was in no way deciding the case on the underlying merits of whether prohibiting gambling was unconstitutional under the Bill of Rights, the Court’s holding did not hinge on the substantive issue.
¶ 48. The same task is before us today: to decide whether the text of Measure 26 meets the minimal constitutional requirements of Section 273. None of the parties has argued that Measure 26 runs afoul of the rights guaranteed the citizens by our Bill of Rights. Whether Measure 26 limits or expands the rights enumerated within Mississippi’s Bill of Rights is of no moment, for this Court is asked only whether the plain language of Measure 26 makes the initiative a “proposal, modification or *1277 repeal” of any portion of the Bill of Rights as prohibited by Section 27S(5)(a).

This Court has subject matter jurisdiction over today’s case.

¶ 49. In the present case, just as in Measure 20, jurisdiction was proper in the circuit court. Article 6, Section 156, of the state constitution is the source from which the circuit court derives its authority to hear certain civil matters. Where proper jurisdiction is present in the court below, this Court has “such jurisdiction as properly belongs to a court of appeals.” Miss. Const, art. 6, § 146. Accordingly, proper jurisdiction of the direct appeal of this case lies with this Court. Hence, this matter was ripe for review upon final judgment of the trial court.

Measure 26 does not meet the minimum constitutional requirements.

¶ 50. In order to initiate a proposed amendment to the constitution of this state, any qualified elector may do so by filing with the Secretary of State a typewritten copy of the proposed initiative, as well as an affidavit stating that the sponsor of the initiative is a qualified elector. Miss.Code Ann. § 23-17-1(2) (Rev.2007). The text of the proposed initiative must identify “the amount and source of revenue required to implement the initiative,” any programs requiring a reduction or reallocation of funding in order to implement the initiative, and “all information required under Section 273, Mississippi Constitution of 1890.” Miss.Code Ann. § 23-17-1(3),(4) (Rev.2007). One such requirement under Section 273(5)(a) is that the initiative must not include language that holds the amendment out to be a “proposal, modification or repeal” of our Bill of Rights. Miss. Const, art. 15, § 273(5)(a). Measure 26, is in fact, both a proposal to and a modification of the Bill of Rights.
¶ 51. Measure 26 reads as follows:
SECTION 1. Article III[24] of the constitution of the state of Mississippi is hereby amended BY THE ADDITION OF A NEW SECTION to read:
Section 33. Person defined. As used in this Article III of the state constitution, “The term ‘person’ or ‘persons’ shall include every human being from the moment of fertilization, cloning, or the functional equivalent thereof.”
(Capitalization original.) Thus, the text of Measure 26 purports, on its face, to be a new section of the Bill of Rights, in other words, a proposal concerning the Bill of Rights, explicitly prohibited by Section 273(5)(a).
¶ 52. The words person and persons appear some twenty times throughout the Bill of Rights. Measure 26 seeks to modify the definition of these words. The several articles of our state constitution are numbered in Arabic numerals, not Roman numerals, as appears in SECTION 1 of Measure 26. It is clear, however, that the plain language of Measure 26 seeks to amend Article 3 of our state constitution, which contains our state Bill of Rights, and nothing else. To amend is to modify; these familiar English words are interchangeable. To attempt to make an addition to the portion of a constitution that is the Bill of Rights, and nothing but the Bill of Rights, is without question, a proposal to make a modification to a fundamental, bedrock portion of our law that the people clearly have the right to modify, but not in this manner. The judiciary of this state has not only the authority, but the duty, to enjoin such an obvious violation of the state constitution that every member of *1278 this state’s judicial branch of government has taken a solemn oath to uphold.
¶53. Measure 20, 774 So.2d at 402, stands for the premise that a pre-election challenge to a proposed amendment may properly be had in circuit court to determine whether the amendment meets minimum statutory and constitutional requirements. Today’s case should be decided under this established premise, and Measure 20’s interpretation of Section 273 should be upheld for the sake of constitutional stare decisis, not further confused with an erroneous interpretation. In deciding this issue, I am reminded of the wise analysis of Justice Robertson, writing for the Court in Moore, 578 So.2d at 638:
Constitutional stare decisis bears a separate dimension. It addresses the legitimacy of process more than immediate results or specific interpretations, about which judges inevitably will differ. At stake is public confidence in our disinterestedness. Expositions of the Constitution should be grounded in law and not the proclivities of individuals, nor the politics of the moment. Legal interpretation does and should change with the times and the frequent agent of that change is a change in judicial personnel, but it is accepted that public confidence in the law requires substantial stability in the face of such changes. We must be careful lest bur interpretations reflect the idiosyncratic views of judges rather than the shared and enduring values of the people embodied in the Constitution we are sworn to serve.
The people of Mississippi have reserved for themselves in Section 273(5)(a) the constitutional guarantee that their Bill of Rights shall not be added to, modified, or repealed by the initiative process. This Court is sworn to uphold the will of the people as voiced in their constitution, not sacrifice it for the will of the proponents or opponents of any particular measure.
¶ 54. For these reasons, I find that Measure 26 is invalid on its face, because it is both a proposed addition to and a modification of the Bill of Rights. Therefore, I would reverse the circuit court’s denial of Plaintiffs’ motion for judgment on the pleadings, and enjoin the placement of Measure 26 on the ballot.
KING, J., JOINS THIS OPINION.

. I note that Secretary of State Hosemann, in his brief and in reliance on In re Proposed Initiative Measure No. 20, 774 So.2d 397 (Miss.2000) (“Measure 20 "), states: "Initia *1273 tive Measure No. 26's compliance with Section 273 of the Constitution is subject to judicial review prior to inclusion on the ballot.” He goes on to concede: "[Tjhis matter is ripe for resolution.” Moreover, neither the trial court nor any of the parties has raised the issue of the Mississippi courts' authority to hear this case.
I acknowledge that subject matter jurisdiction may be raised sua sponte by the Court and is never waived. Esco v. Scott, 735 So.2d 1002, 1006 (Miss.1999) ("[Sjubject matter jurisdiction may not be waived and may be asserted at any stage of the proceeding or even collaterally.”) (citation omitted). However, I believe the Secretary’s reliance on Measure 20 is a testament to the importance of stare decisis and the need to preserve the holding of Measure 20. See State ex rel. Moore v. Molpus, 578 So.2d 624, 634 (Miss.1991) ("[SJtare decisis proceeds from that first principle of justice, that, absent powerful countervailing considerations, like cases ought to be decided alike.”).

. Since the challenge before this Court in this case is not whether the substance of Measure 26 is in direct contravention of the Bill of Rights, I reserve for another day a discussion of whether I believe this Court can be divested of its jurisdiction by the Legislature in cases involving substantive, pre-election challenges. See Miss. Const, art. 6, § 146 ("The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals....”); Miss. Const, art. 1, § 1 ("The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.”).

. Article 6, Section 156, of the Mississippi Constitution states: "The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court.”

. Article 3 of the Mississippi Constitution is entitled BILL OF RIGHTS.