RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Gloria Richmond Jackson appeals the Quitman County Circuit Court Special Judge’s dismissal with prejudice of her petition for judicial review of an election contest, which contested the result of a Democratic primary runoff election. Jackson’s petition was dismissed for lack of jurisdiction, because she failed to attach two attorney certificates to her petition, as required by Mississippi Code Section 23-15-927. We hold that the special judge erred by dismissing Jackson’s petition with prejudice for the nonmerits issue of lack of jurisdiction. Accordingly, we vacate the order of dismissal with prejudice and remand this action to the Quitman County Circuit Court Special Judge with instruction to enter an order dismissing this action without prejudice.
FACTS AND PROCEDURAL HISTORY
¶ 2. A runoff election was held for the Democratic primary for Quitman County Tax Assessor. The Quitman County Democratic Executive Committee issued its final certificate of results, finding that Jackson had received fewer votes than her opponent, Kymberley Haven Bell.
*438 ¶ 3. Jackson filed a petition contesting the election results with the executive committee, to no avail. Jackson then filed a petition in the Quitman County Circuit Court challenging the election results. Chief Justice Waller, pursuant to Mississippi Code Section 23-15-929, ordered the Honorable Breland Hilburn to serve as special judge. The special judge dismissed the action for lack of jurisdiction, because Jackson had failed to attach the petition previously filed with the executive committee.
¶ 4. Jackson filed a second petition challenging the election results, with the executive-committee petition attached. Bell filed a response to the petition, raising as an affirmative defense that the special tribunal lacked jurisdiction over the petition, because Jackson had failed to attach two attorney certificates, as required by Mississippi Code Section 23-15-927, and filed a motion to dismiss for Jackson’s failure to attach attorney certificates to the circuit-court petition. Subsequently, Jackson filed two attorney certificates with the circuit court. On the same date, the special judge held a hearing on the jurisdictional issue. At the hearing, the special judge emphasized that “the language of the statute says that the petition for a judicial review shall — which is the strongest word in law — shall not be filed unless it bear a certificate of two practicing attorneys[,]” and concluded that “[t]he Court has no alternative but to enter order of dismissal with prejudice.” The same day, the special judge entered an order dismissing the petition with prejudice for lack of jurisdiction. Jaekson appeals, challenging the circuit court’s order dismissing her petition for lack of jurisdiction with prejudice.
DISCUSSION
¶ 5. The sole issue presented by the parties is whether a dismissal of an election contest for lack of jurisdiction may be with prejudice. Neither party raised a constitutional issue before the special tribunal or this Court. Whether the petition may be dismissed with prejudice is a question of law. We apply a de novo standard of review to questions of law. Moore v. Parker, 962 So.2d 558, 562 (Miss.2007); see also McCain Builders, Inc. v. Rescue Rooter, LLC, 797 So.2d 952 (Miss.2001) (“Jurisdictional questions are subject to de novo review.”).
¶ 6. Neither party contests that an election contest filed without attorney certificates may be dismissed for lack of jurisdiction. Mississippi Code Section 23-15-927 provides as follows, in relevant part:
When and after any contest has been filed with the county executive committee ... and the said executive committee having jurisdiction shall fail to promptly meet or having met shall fail or unreasonably delay to fully act upon the contest or complaint, or shall fail to give with reasonable promptness the full relief required by the facts and the law, the contestant shall have the right forthwith to file in the circuit court of the county wherein the irregularities are charged to have occurred ... a sworn copy of his said protest or complaint, together with a sworn petition.... But such petition for a judicial review shall not he filed unless it bear the certificate of two (2) practicing attorneys that they and each of them have fully made an independent investigation into the matters of fact and of law upon which the protest and petition are based and that after such investigation they verily believe that the said protest and petition should be sustained and that the relief therein prayed should be granted. ...
Miss.Code Ann. § 23-15-927 (Rev.2007) (emphasis added). This Court has repeatedly held that the attorney-certificate *439 requirement is a condition precedent to jurisdiction attaching. See Waters v. Gnemi, 907 So.2d 307, 322 (Miss.2005) (“This two-practicing attorney requirement has been strictly construed and held to be jurisdictional.”); Esco v. Scott, 735 So.2d 1002, 1006 (Miss.1999) (“the certificate is a jurisdictional prerequisite to filing the petition”); Pearson v. Jordan, 186 Miss. 789, 192 So. 39, 40 (1939) (“The certificate of the two disinterested attorneys is just as important as the petition itself, and is jurisdictional.”). Accordingly, a petition for judicial review of an election contest filed without such certificates attached clearly may be dismissed for want of jurisdiction.
¶ 7. We repeatedly have held that an action cannot be dismissed with prejudice for the nonmerits reason of lack of jurisdiction. A dismissal with prejudice indicates a dismissal on the merits. B.A.D. v. Finnegan, 82 So.3d 608, 614 (Miss.2012) (“a dismissal with prejudice indicates a ruling on the merits, which is not appropriate for a dismissal for want of jurisdiction”); Rayner v. Raytheon Co., 858 So.2d 132, 134 (Miss.2003) (“a dismissal with prejudice connotes an adjudication on the merits”). “If a court does not have subject matter jurisdiction to hear a case, then it cannot have jurisdiction to decide issues of fact and law ... in order to ... adjudicate] on the merits.” Cook v. Children’s Med. Group, P.A., 756 So.2d 734, 743 (Miss.1999); see also Esco, 735 So.2d at 1006 (“Subject matter jurisdiction deals with the power and authority of a court to consider a case.”). In other words, without jurisdiction, a court is without authority to consider the merits of an action. Jurisdiction to review election contests was conferred by legislative act, currently Section 23-15-927. Accordingly, a dismissal for lack of jurisdiction is not a dismissal on the merits, and thus may not be with prejudice.
¶ 8. Bell relies on Esco for her argument that election contests may be dismissed with prejudice for failure to satisfy the jurisdictional requirement of attaching attorney certificates to the petition. In Esco, the trial court had dismissed an election-contest petition for failure to comply with the attorney-certificate requirement, and this Court held that:
The order of dismissal stated that the cause was dismissed, without incorporating the language “without prejudice.” Thus, it is considered as having been dismissed with prejudice, precluding Esco from refiling.
Esco, 735 So.2d at 1006-07 (citing Ross v. Milner, 194 Miss. 497, 505-06, 12 So.2d 917, 918 (1943)). However, Ross, on which Esco relied, did not involve an election contest or a dismissal for lack of jurisdiction, and Esco did not discuss its decision to apply Ross’s assumption that a dismissal was with prejudice in such context. We are unaware of any case other than Esco in which this Court has treated a dismissal for lack of jurisdiction as having been with prejudice. We hold that Esco mistakenly applied Ross in the context of a dismissal of an election-contest petition, and we overrule Esco to the extent that it provides that the dismissal of election-contest actions for failure to satisfy jurisdictional (i.e., nonmerits) prerequisites can be with prejudice.
¶ 9. The dissent sua sponte raises an issue not before the special tribunal or this Court, and then cites a nonelection case.[1] The dissent opines without request that Section 23-15-927 improperly places procedural requirements for the filing of a complaint. Such is not the case. Neither party raised the constitutionality of Missis *440 sippi Code Section 23-15-927. We do not address issues not raised by the parties. Mabus v. Mabus, 890 So.2d 806, 811 (Miss.2008). Nor did we request the parties to brief this issue as we did in Wimley.
¶ 10. Moreover, the dissent’s view that the Legislature may not control matters of procedure in election cases is misplaced. Unlike the medical-malpractice claims in Wimley, “Miss. R. Civ. P. 81(a)(4) expressly states that proceedings pertaining to election contests would continue to be governed by statutory procedures with the rules of civil procedure having limited applicability.” Waters v. Gnemi, 907 So.2d 307, 315 (Miss.2005); Miss. R. Civ. P. 81(a)(4). The review of an election contest is an entirely separate undertaking from an original filing of a civil complaint. The review process is entirely distinct and established by statute, until it reaches this Court, where procedure is controlled by the Mississippi Rules of Appellate Procedure. Recognizing that judicial review may be necessary to some extent in election contests, the Legislature prescribed limited jurisdiction to afford contestants the opportunity to seek judicial review. See Harpole v. Kemper County Democratic Executive Comm., 908 So.2d 129, 143 (Miss.2005) (Section 23-15-927 enables the circuit court to have the jurisdictional capacity to decide certain election issues.). In other words, Section 23-15-927 (unlike the statute in Wimley) gives the courts limited jurisdiction where jurisdiction otherwise would be improper. See In re Bell, 962 So.2d 537, 541-42 (Miss.2007).
¶ 11. Section 146 of Article 6 of the Mississippi Constitution states that the Supreme Court “shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.” Miss. Const, art. 6, § 146.
¶ 12. Section 23-15-927 is a general law within the election code. It states that the “executive committee” maintains jurisdiction over election contests. Miss.Code. Ann. § 23-15-927 (Rev.2007). Only after the “executive committee has wrongfully failed to act,” may the complainant seek judicial review, which is unlike a complaint in a civil matter. Id. The judicial relief sought under the election code is unique unto itself. The circuit clerk of the court where the complaint is filed must “immediately ... notify the Chief Justice of the Supreme Court ... who shall forthwith designate and notify a circuit judge or chancellor of a district other than that which embraces the county ... involved ... to proceed to said county wherein the contest or complaint has been filed there to hear and determine said contest.” Miss.Code. Ann. § 23-15-929 (Rev.2007). The hearing is actually a “special tribunal,” which consists of the judge and five election commissioners who sit with the judge “as advisors or assistants in the trial and determination of the facts.” Miss.Code. Ann. § 23-15-931 (Rev.2007). After the special judge (with the assistance of the commissioners) makes his judgment, “the judgment shall be certified and promptly forwarded to the Secretary of the State Executive Committee,” where it becomes the State Executive Committee’s duty to revise the decision. Id. Only then may the contestant “file an appeal in the Supreme Court within the time and under such conditions and procedures (M.R.A.P.) as are established by the Supreme Court for other appeals.” Miss.Code. Ann. § 23-15-933 (Rev.2007); see M.R.A.P. 16(a), (b). It is worth noting that the United States Attorney General made no objections to this amendment. Miss.Code Ann. § 23-15-933 (Rev.2007) (ed. note).
¶ 13. Nothing about the judicial-review process of the election code mandated by the Legislature conflicts with our separate-mandated, constitutional powers. Nor *441 does this mechanism encroach upon the judicial branch. Thus, no violation of the separation of powers is at issue.
CONCLUSION
¶ 14. The trial court did not err by dismissing this election-contest action for failure to satisfy the jurisdictional prerequisite of attaching two attorney certificates to the petition for judicial review. However, the special judge erred by dismissing this action with prejudice for the nonmer-its issue of lack of jurisdiction. Accordingly, we vacate the order dismissing this action with prejudice and remand this matter to the Quitman County Circuit Court special judge with instruction to enter an order dismissing this action without prejudice.[2]
¶ 15. VACATED AND REMANDED.
WALLER, C.J., LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, KING AND COLEMAN, JJ.

. Wimtey v. Reid, 991 So.2d 135 (Miss.2008).

. Jackson also moves this Court to take judicial notice of an adjudicative fact, which goes to the merits of the action. Since we address only a jurisdictional issue today, the adjudicative fact is of no value to the Court’s consideration today, and we dismiss it as moot.